## CHARLES MCDERMOTT *vs.* ROBERT E. CLARY.

In an action on a judgment recovered in another state in a suit for the use and occupation of a house, the only issue to the jury was whether the defendant was served with process or appeared in said suit, and he was called as a witness. *Held*, that allowing him to testify that he was not a resident of said state, but was there as an officer of the army, and occupied the house as military quarters assigned to him by his superior officer, afforded no ground of exception.

In a civil suit in another state the defendant was not served with process, and did not appear; but, having been proceeded against in the name of the state for contempt in resisting an attachment therein, he appeared by counsel in the proceedings for contempt. *Held*, that an action could not be maintained here on a judgment rendered against him in the suit.

CONTRACT upon a judgment rendered by the law court (so called) of Memphis in Tennessee, against this defendant, upon his default, in favor of Charles McDermott, for the use of himself and George W. Duvall, guardian, in a suit brought for the use and occupation of a house in Memphis. Duvall having died, the action was brought in the name of McDermott alone. Trial and verdict for the defendant, in the superior court, before *Rockwell*, J., who allowed a bill of exceptions, of which the material parts were as follows:

" The plaintiff put in an exemplified copy of the record of the suit in which the judgment was recovered, which set forth a return of Phineas M. Winters, sheriff, that he had served a summons on the defendant.

" The defendant denied the jurisdiction of the court in Tennessee, and that he was ever served with process, employed counsel, or appeared in the action in Tennessee; but testified that there was another suit brought to recover possession of the house for the use and occupation of which judgment was recovered in the case now in suit; that he was served in that suit; that, in the suit in which he was served, a process was attempted to be served attaching his property; that this attachment was resisted, and he was proceeded against for contempt; that he had only two suits, the ejectment and the contempt suit; and that he did employ counsel in the contempt case, but supposed the contempt arose in the case for possession, in which he employed counsel.

" The plaintiff put in a record of the proceedings in the possession case in Tennessee, and it did not appear thereby that any proceedings for contempt were had in that case, while the record of proceedings in the case for use and occupation did show such attempt to attach, and subsequent proceedings for contempt against the defendant," in which he was summoned to answer to the state of Tennessee for his contempt in resisting the attachment.

" The defendant, under the objection of the plaintiff, testified as follows : ' I was in Memphis from September 1864 to July 1866. I was deputy quartermaster general. I belonged to the army then and now. There was quite a large force then at Memphis, ten to fifteen thousand men, under command of General Washburn. I was under his command by order of the secretary of war. I performed the duties of quartermaster general. The house in question was assigned to use for my quarters. It was formerly occupied by a rebel general ; and when we took the city it was assigned to me for my quarters. I occupied the whole house from September 1864 to July 1866. I occupied only in my official character as quartermaster general, by order of the secretary of war. I have heard read the record of a certain suit here. I never heard of it until after I had left Memphis a year and a half. Duvall had sued me before this in a suit for possession. I knew a man by the name of Winters, who was sheriff there. He never read a paper to me in the world, or gave me any notice. General Bankhead was city attorney there, and appeared for me in a suit for ejectment ; but I never did anything to recognize the authority of the court in this case, and never appeared either in person or by counsel. I never was a resident of the state of Tennessee, and remained in Tennessee only so long as I was ordered by the secretary of war. I never heard of any suit by McDermott, or was served with process in any such suit.' The occupation, testified of by the defendant, of the house, was the same for which the action was originally brought in Tennessee.

" The judge, upon objection of the plaintiff to this evidence, said he would admit it, as it might bear upon the question of service. The evidence was then put in, and nothing more was said

about it until the argument of the case, when the defendant's counsel argued upon the facts contained in all said evidence, as bearing upon the question of service and appearance in court, which were the only questions submitted to the jury.

"The defendant asked the judge to rule that 'if no proper service had been made, and the defendant under a misapprehension of the facts employed an attorney to appear for him, such appearance would not give the court jurisdiction.' The judge gave this instruction, with the qualification 'that if the defendant employed counsel under the misapprehension that the contempt was in the possession case, it would not be proof of an appearance in the case in which the judgment sued upon was recovered.'"

*G. M. Stearns*, for the plaintiff.

*H. Morris*, for the defendant.

MORTON, J. This is an action upon a judgment recovered in Tennessee. The plaintiff put in evidence an exemplified copy of the record of the court in Tennessee, showing that the plaintiff had recovered a judgment against the defendant, upon his default, for the use and occupation of a house in Memphis. The defence was, that the court in Tennessee had no jurisdiction to render the judgment, the defendant not being a resident of that state, and not having been served with process.

1. The first exception is to the testimony of the defendant set forth in the bill of exceptions. The objection at the trial was a general one to the whole testimony; but much of it bore directly and immediately upon the question whether any service in the suit had been made on the defendant. This the plaintiff now concedes was admissible, it being competent for the defendant to show by parol that the return of the officer was false, and that in fact there was no service on him. *Carleton* v. *Bickford*, 13 Gray, 591. But he objects to the testimony of the defendant, to the effect that he was not a resident of Tennessee, and that he was in Memphis as an officer of the army, and occupied the house in question as his military quarters assigned to him by his superior officers.

We think it would be too strict a rule to hold that the defendant should be confined to a bare denial of the fact that service

was made on him. The testimony as to the capacity and mode in which he was occupying the house tended to show his relation to the parties and cause of action, and would be of some aid to the jury in deciding the issue before them. It would enable them more intelligently to weigh the testimony as to this issue, and determine the credit due to it. It was admitted solely upon the question of service, and we do not think it is so foreign to this issue as to make its admission a ground for a new trial.

2. The only other exception was to the ruling of the presiding judge, set out in the bill of exceptions. It appeared at the trial, that two suits had been commenced by the plaintiff against the defendant; one being an action of ejectment for the possession of the house in question, and the other being for use and occupation of the same house. The defendant testified that he employed counsel in the ejectment suit, but did not employ counsel in the suit for use and occupation. He further testified that he employed counsel in the contempt case, but supposed the contempt arose in the ejectment case. It appeared from the record put in by the plaintiff, that the proceedings for contempt arose in the suit for use and occupation, and not in the ejectment suit. In view of this testimony, the court ruled, (as we understand the bill of exceptions,) in substance, that if the defendant employed counsel in the proceedings for contempt, under the mistaken belief that these proceedings grew out of the suit for possession, it would not be proof of an appearance in the case in which the judgment sued upon was recovered. We are of opinion that this ruling was correct. The process for contempt, though it arose out of the suit for use and occupation, was an entirely distinct proceeding, in behalf and in the name of the state, and not of the plaintiff. An appearance, whether voluntary or compulsory, to answer to that process, would not prove an appearance in the civil suit. I is immaterial whether the defendant acted under the mistaken belief that the process of contempt grew out of the ejectment suit or not. In either case, the appearance in the contempt proceedings would not be equivalent to, nor prove, an appearance in the suit for use and occupation. *Exceptions overruled.*