JAMES WRIGHT *vs.* OREN ANDREWS & another.

Essex. Nov. 3, 1880. — Jan. 15, 1881. AMES & ENDICOTT, JJ., absent.

The record of a judgment of a court in another State is only *prima facie* evidence of the jurisdiction of that court over the defendant; and, if the record shows that he resided in this Commonwealth when sued, and was not served with process in the other State, it is open to him to prove that he did not appear, in person or by attorney, in the action in which the judgment was rendered.

Evidence that an action brought in a court of another State against a resident in this Commonwealth was defended in his behalf by counsel employed by him is sufficient to prove that that court had jurisdiction over him; and evidence that his sole purpose in employing counsel was to protect his property, which had been attached, is immaterial, without proof that he limited the authority of his counsel accordingly, or instructed him to appear specially.

Evidence that, in an action brought in a court of another State against a resident in this Commonwealth, the defendant never employed counsel, nor authorized any one to employ counsel for him, and that, at the trial of the case, he appeared and testified as a witness only, and not as a party, is sufficient to show that that court had no jurisdiction over him.

The judgment of a court of another State against two persons jointly, who were residents in this Commonwealth, over one of whom only the court had jurisdiction, being entire and unqualified, is, in the absence of any evidence of the law of the other State upon the subject, void against both.

CONTRACT upon a judgment recovered by the plaintiff against the defendants in the Supreme Judicial Court of Maine.

At the trial in the Superior Court, before *Allen,* J., without a jury, the plaintiff put in evidence a duly certified copy of the judgment declared on, by which it appeared that no personal service was made on the defendants, who were citizens of this Commonwealth, but that an attachment of their property was made, and an order of notice to them duly published; that thereupon the defendants appeared by attorney and answered to the action; and that judgment was entered for the plaintiff against the defendants.

The defendants, to prove that the court in Maine never obtained jurisdiction over the defendant Oren Andrews, offered evidence tending to show that, at the time the action was brought, and long previous thereto, he resided in Lawrence, in this Commonwealth; that he had considerable real estate in Maine attached in that action; and that, after the attachment, he went to Maine and employed counsel to defend the action, for the sole

purpose of protecting his property from the effects of the attach-ment, and not for the purpose of defending the action inde-pendently of his property; that he should not have gone except to defend his property from a suit which he deemed had no legal merits.

To show that the court in Maine never obtained jurisdiction over Sumner Andrews, the other defendant, evidence was offered tending to show that he was not a resident of Maine at the time the action was brought, nor for a long time previous thereto; that he had property attached in that action of the value of about ten dollars; that the amount of his liability, in case judgment should be rendered against his property, would be so small, that he refused to go to Maine to defend the action; that he never employed counsel, or authorized any one to employ counsel for him; that he went to Maine and testified as a witness in the case, but not as a party.

The defendants asked the judge to rule that, upon this evi-dence, the plaintiff could not recover; but the judge declined so to rule; ruled that the facts offered in proof were not competent and sufficient to show that the court of Maine had not jurisdic-tion of the defendants; and held, upon the whole evidence, that that court had jurisdiction of the defendants, and that this action could be maintained. The defendants alleged exceptions.

*J. C. Sanborn*, for the defendants.

*J. Wright, pro se.*

GRAY, C. J. The record of the judgment in Maine is only *prima facie* evidence of the jurisdiction of the court there over the defendants; and that record showing that they resided in this Commonwealth when sued, and were not served with process in Maine, it is open to them to prove that they did not appear, in person or by attorney, in the action in which the judgment was rendered. *Carleton* v. *Bickford*, 13 Gray, 591. *Gilman* v. *Gilman*, 126 Mass. 26.

The evidence offered at the trial was not sufficient in law to prove that the court in Maine had no jurisdiction over Oren Andrews. It was admitted that the action was defended in his behalf by counsel employed by him; and evidence that his sole purpose in employing counsel was to protect his property, which had been attached, was immaterial, without further showing that

he limited the authority of his counsel accordingly, or instructed him to appear specially.

But as to Sumner Andrews the evidence offered was that he never employed counsel, nor authorized any one to employ counsel for him, and that at the trial of the case he appeared and testified as a witness only, and not as a party. This evidence was competent and sufficient in law to show that the court in Maine had no jurisdiction over him; for it tended to show that, not having been brought within the jurisdiction of the court as a party defendant by service of process, he had never voluntarily submitted himself as such to its jurisdiction. *Phelps* v. *Brewer*, 9 Cush. 390. *McDermott* v. *Clary*, 107 Mass. 501. *May* v. *Shumway*, 16 Gray, 86.

If that court had no jurisdiction of one defendant, its judgment, being entire and unqualified, is, in the absence of any evidence of the law of Maine upon the subject, void against both. *Hall* v. *Williams*, 6 Pick. 232, 247. *Knapp* v. *Abell*, 10 Allen, 485, 490. *Exceptions sustained.*