(Decided 17th March, 1892.)

---

The Fairfax Forrest Mining and Manufacturing Company *vs.* Walter Roslyn Chambers.

*Assumpsit—Action for Services—Executed verbal Contract—*
*Evidence—Bill of Particulars—Jurisdiction in Action on*
*Foreign Contract, between Non-resident Parties— Volun-*
*tary appearance to Suit—Code, Art. 23, secs. 295-297,*
*(Act of 1868, ch. 471,) Relating to Process against Foreign*
*Corporations—Effect of Voluntary appearance of Such de-*
*fendants—Acquisition of Jurisdiction.*

Where there is a special  contract the plaintiff cannot recover in general *assumpsit*, for services rendered under it, unless the contract has been fully executed, or unless the contract has been abandoned by mutual consent, or unless the fulfilment of it was prevented by some act of the defendant.  But where there is a

Fairfax Forrest Mining and Manufacturing Co. *vs.* Chambers.

special contract for work and labor, not under seal, which has been fully performed on the part of the plaintiff, and nothing remains to be done but the payment of the money by the defendant, the liability of the defendant may be enforced in an action of *assumpsit*, and in such cases it is not necessary to set out and declare on the special contract.

A suit was brought to recover for services only which the plaintiff had rendered under an executed contract. The declaration as filed contained the common money counts, but at the request of the defendant, a paper purporting to be a bill of particulars was filed by the plaintiff, showing that his claim was for "salary agreed upon for services rendered by plaintiff to" the defendant at a stated sum per month, during a stated period. Neither the nature nor character of the services to be rendered were set forth in the bill of particulars, nor did it state whether the agreement was a written or verbal agreement. The proof showed, however, that it was in fact a verbal agreement, and that the plaintiff was employed as a mechanical and practical mining engineer, and that he remained in the employment of the defendant during the period stated in the bill of particulars. HELD:

1st. That for such services the plaintiff was entitled to recover, irrespective altogether of the contract itself, and this being so, evidence as to the nature and character of the services, and what would be a fair and reasonable compensation therefor was admissible.

2nd. That it was open to the defendant to show, in reduction of damages, that the plaintiff was not in fact an educated and competent mining engineer, and to show the nature and character of the services, and what would be a fair compensation, if any, for the same.

3rd. That in this, as in all other cases where the evidence is conflicting and contradictory, the weight of it and the credibility of the witnesses are matters for the Court or jury before whom the case is tried.

4th. That the office and effect of the bill of particulars was to inform the defendant what was claimed under the common counts, and the plaintiff could not recover for other and different services, nor could he offer evidence of any other claim or demand; but the bill of particulars did not prevent the plaintiff from recovering under the common counts if the special contract was executed, or if the services under it had been fully

rendered, and nothing remained to be done but the payment of the money by the defendant.

A judgment rendered without jurisdiction of the parties or subject-matter is a void judgment, and objection to the jurisdiction may be made in the Court below, or it may be made for the first time on appeal.

The Courts of this State have jurisdiction in regard to contracts whether made in or out of the State, and where a suit is brought by a non-resident against a non-resident defendant upon a foreign contract, if the defendant voluntarily appears and the case is tried upon its merits, the validity of a judgment rendered in such a case cannot be questioned.

And as an individual may submit himself to the jurisdiction of a foreign Court, so may a foreign corporation, for the reason that the principles in relation to the acquisition of jurisdiction over non-resident defendants apply with the same force to foreign corporations as to natural persons.

The Act of 1868, ch. 471, codified as sections 295-297 of Article 23 of the Code, provides, in the first place, that all corporations not chartered by the laws of this State, which shall transact business in this State, shall be deemed to hold and exercise franchises in this State, and shall be liable to suit in any of the Courts of this State, by a resident of the State, upon any cause of action, and to suits brought by non-residents, when the cause of action has arisen, or the subject-matter of the action shall be situated within the State. In an attachment against a foreign corporation, upon a foreign contract, sued out in this State by a non-resident, the defendant voluntarily appeared to the short note or summons case, and pleaded to the declaration, and upon trial a judgment was rendered for the plaintiff. HELD:

That although the defendant was not amenable to process under section 296 of Article 23 of the Code, yet having voluntarily appeared to the suit, and the case having been tried on its merits, the Court thereby acquired jurisdiction, and the judgment rendered was a valid judgment.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

Fairfax Forrest Mining and Manufacturing Co. *vs.* Chambers.

The *First, Second, Third and Fourth Exceptions* are sufficiently stated in the opinion of the Court.

*Fifth Exception.*—At the trial the defendant offered the five prayers, following :

1. The defendant asks the Court to strike out all evidence in this case, upon the value of the services of the plaintiff, on the ground that his bill of particulars sets up a special contract for salary, and an agreement with the company.

2. The defendant asks the Court to say that the plaintiff is not entitled to recover in this action unless he proves that the contract set forth in the bill of particulars was entered into by the agent of the defendant company and the plaintiff, with the authority and knowledge of the defendant, and that the burden of proof is on the plaintiff to prove the contract as set forth in the bill of particulars; and further prays the Court to say, that if it finds from the evidence that the plaintiff swears to a special contract, and the agent of the defendant denies said contract, then that the plaintiff cannot recover under the contract unless he supports his testimony by further proof.

3. And further prays the Court to say that if it finds from the evidence that the plaintiff entered into an agreement with the agent of the defendant company by which he was to be paid his personal expenses, to wit, enough for his living, and that he was to be paid either in stock of the company, or in cash, at the rate of $250 per month; and shall further find that the plaintiff made no demand for either the stock or the money under said contract from the company before suit brought, then the plaintiff is not entitled to recover in this action.

4. And further prays the Court to say, that if they find that the plaintiff agreed with the agent of the defendant to work for the company for his board and neces-

sary expenses, and to look to the agent of the defend-
ant for his pay for compensation beyond that amount,
then that he is not entitled to recover under the evidence
in this action any money from the defendant for his ser-
vices beyond it.

5. The defendant asks the Court to say, that if it
finds from the evidence that the plaintiff made an agree-
ment with the defendant's agent to work for the com-
pany for his expenses of living, and to look to the
defendant's agent for payment in excess of the same
upon the development of the mineral resources of the
property, and that said agreement was communicated
to the company, then that the plaintiff is not entitled
to recover anything from the defendant for the value
of his services.

The Court (HOFFMAN, J.,) rejected the first and second
prayers of the defendant. It's third, fourth and fifth
prayers were conceded by the plaintiff. The defendant
excepted, and the verdict and judgment being against
it, appealed.

The cause was argued before MILLER, ROBINSON, IRV-
ING, BRYAN, FOWLER, and McSHERRY, J.

*R. T. Semmes,* (with whom was *W. C. Clayton,* on
the brief,) for the appellant.

*George A. Pearre,* (with whom were *Ferdinand Wil-
liams* and *Benjamin A. Richmond,* on the brief,) for the
appellee.

ROBINSON, J., delivered the opinion of the Court.

The plaintiff, who is a non-resident, sued out a writ
of attachment against the defendant, a foreign corpora-
tion, and laid it in the hands of the West Virginia
Railroad Company as garnishee. What became of the

attachment suit, the record does not show. The defendant, however, voluntarily appeared to the short note or summons case, and to the declaration which contained the common money counts, it pleaded not indebted, payment, and set-off. The plaintiff, upon the demand of the defendant, filed also the following bill of particulars :

" The Fairfax Forrest Mining and Manufacturing Co.
                " To Walter Roslyn Chambers,             Dr.
" To salary agreed upon for services rendered
    by plaintiff to said company, at $250 per
    month, from March, 1888, to Sept. 30, 1890,
    inclusive, at $250 per month.......... .........$7,750.00
" By cash. ...................... .........     $3 60
" By acc'ts in bar........... ........  1,252 16—    1,255.76
                                                    ─────────
                                                    $6,494.24

The case was tried before the Judge below, sitting as a jury, and judgment was rendered for the plaintiff for $6,137.84.

The first, second, third and fourth exceptions present substantially the same question. The plaintiff proved he was a native of England, and came to this country in August, 1887;—that he was an educated and practical mining engineer;—that he traveled on foot from Philadelphia to Cumberland, through the coal fields of Pennsylvania and Maryland, for the purpose of taking observations of the geological formations of coal and other minerals in these States;—that he stopped at Wilsonia, in West Virginia, on the 27th of February, 1888, and while there met with Mr. L. Levering, the general manager of the defendant, a corporation chartered in that State, and the owner of a tract of land called " Fairfax Forrest ;"—that he had several inter-

39                    v. 75.

views with him in regard to the coal lands and other property belonging to the defendant, and which the company, he said, was anxious to develop;—that Levering finally, as the agent of the company, agreed to employ the plaintiff and to pay him $250 per month for his services;—that he at once went to work, and continued uninterruptedly in the employment of the company until September, 1890, when it suspended operations, and he was discharged;—that the first work he did was the drilling of a test hole for the purpose of locating a certain seam of coal which was supposed to underly its property, and that he found the vein of coal at a depth of about 460 feet;—that he made a geological classification of the rocks through which the drill hole passed, and made also a vertical section, having a geological classification, copies of which he then offered in evidence, having given notice to the defendant to produce the originals, which were in its possession, to the admissibility of which the defendant objected, and this constitutes the first exception.

The plaintiff then proved that, at the request of Levering, he made a mining and engineering report of the company's property, and the best means of developing it, and that he made out, also, a geological chart, maps, and drawings of its property, copies of which he offered in evidence, having given notice to the defendant to produce the originals, and to the admissibility of this evidence the defendant objected.

After further testimony as to the services rendered by him, the plaintiff offered to prove that $250 was but a reasonable compensation for such services, and to this evidence the defendant objected.

The plaintiff then offered to prove by James P. Gaffney, a civil and mining engineer of twenty years experience, and who had been for thirteen years in the employment of the George's Creek Company, that he had exam-

ined the plats, charts and drawings, and work of the plaintiff, and had heard his testimony; that the plats and drawings were skilfully made, and that $250 per month was a reasonable compensation for his services.

The defendant objects to the evidence offered under these several exceptions, on the ground that the bill of particulars shows that the plaintiff's services were rendered under a *special agreement* between him and the defendant, and that evidence as to what would be a reasonable compensation for such services is not, therefore, admissible. Now, we agree that, where there is a special contract, the plaintiff cannot recover in *general assumpsit*, for services rendered under it, *unless the contract has been fully executed, or unless the contract has been abandoned by mutual consent, or unless the fulfillment of it was prevented by some act of the defendant.* But it is equally well settled that where there is a special contract for work and labor, not under seal, which has been fully performed on the part of the plaintiff, and nothing remains to be done but the payment of the money by the defendant, the liability of the defendant may be enforced in an action of assumpsit, and in such cases it is not necessary to set out or declare upon the special contract. It is the common practice, however, to join with the common counts, a special count on the contract. But the ground upon which the plaintiff recovers under the common counts, is not the defendant's special contract or promise, but the implied legal liability of the defendant to pay for services rendered at his request.

Here the contract was an *executed contract*, and the suit was brought to recover for services only, which the plaintiff had rendered under it. The declaration as filed contained the common money courts, but at the request of the defendant, a paper purporting to be a bill of particulars was filed by the plaintiff. Neither the nature nor character of the services to be rendered were set

forth in the bill of particulars, nor did it state whether the agreement was a written or verbal agreement. The proof shows, however, that it was in fact a verbal agreement, and that the plaintiff was employed as a mechanical and practical engineer, and that he remained in the employment of the defendant from March, 1888, till September, 1890, and the suit was brought to recover for the services rendered during this time, and for such services he was beyond question entitled to recover irrespective altogether of the contract itself. And this being so, evidence as to the nature and character of the services, and what would be a fair and reasonable compensation therefor, was admissible in evidence. It was open to the defendant to show, in reduction of damages, that the plaintiff was not, in fact, an educated and competent mining engineer, and to show the nature and character of the services and what would be a fair compensation, if any, for the same. So there cannot be, it seems to us, any error in the rulings of the Court upon the first, second, third, and fourth exceptions, nor in the rejection of the defendant's first instruction, which presented the same question passed upon in these exceptions. Nor do we find any error in the refusal to grant the second instruction; there was no error because it asked the Court to say, as matter of law, that the plaintiff was not entitled to recover, unless he proved that the contract set forth in the bill of particulars was entered into by the agent of the defendant company and the plaintiff, with the authority and knowledge of the defendant, and that the burden of proof is on the plaintiff to prove the contract, as set forth in the bill of particulars; and further prays the Court to say that if it "finds from the evidence that the plaintiff swears to a special contract, and the agent of the defendant denies said contract, then the plaintiff cannot recover under the contract, unless he supports his testimony by further

proof." Without stopping to consider other objections which, in themselves, would be fatal to such an instruction as this, it is quite sufficient to say, that in this, as in all other cases, where the evidence is conflicting and contradictory, the weight of it and. the credibility of the witnesses are matters for the Court or the jury before whom the case is tried.  Here the case was tried before the Judge without the intervention of a jury, and in the conflict of testimony it was his province to decide whether the plaintiff had satisfactorily established the agreement referred to in the instruction.  And in saying this, we are not to be understood as meaning that the right of the plaintiff to recover in an action of assumpsit, depended upon his being able to prove the agreement under which his services were rendered.  On the contrary, if services were actually rendered by him and accepted by the defendant, he was entitled to recover compensation for such services *independent altogether of the special agreement.*  The office and effect of the bill of particulars, was to inform the defendant what was claimed under the common counts, and the plaintiff could not, it is true, recover for *other and different services*, nor could he offer evidence of any other claim or demand.  But the bill of particulars did not prevent the plaintiff from recovering under the common counts, if the special *contract was executed,* or, in other words, if the services under it had been fully rendered, and nothing remained to be done but the payment of the money by the defendant.

And this brings us to the question of jurisdiction, a question not made in the Court below, but made for the first time on this appeal.  The plaintiff is a *non-resident*, and the defendant is a *foreign corporation*, and the contract sued on is a *foreign contract*, and such being the case, the Court below, it is contended, had no jurisdiction of the subject-matter, even though the defendant

voluntarily appeared to the suit and submitted itself to the jurisdiction of the Court, and even though the case was tried upon its merits. It can hardly be necessary to say that a judgment rendered without jurisdiction of the parties or subject-matter is a void judgment, and that objection to the jurisdiction may be made in the Court below, or it may be made for the first time on appeal, for the reason that such a judgment is a nullity. Now, in support of its contention, the defendant relies on the Act of 1868, chapter 471, codified as sections 295, 296, and 297 of Art. 23 of the Code. This Act provides, in the first place, that all corporations not chartered by the laws of this State, which shall transact business in this State, shall be deemed to hold and exercise franchises within this State, and shall be liable to suit in any of the Courts of this State, by a *resident of the State, upon any cause of action,* and to suits brought by *"non-residents"* when the cause of action has arisen, or the subject-matter of the action shall be situated within the State. And the Act further provides how and in what manner process shall be served upon the officers or agents of such corporation. The object of the statute was not to restrict, but to enlarge, the jurisdiction of our Courts over foreign corporations doing business in the State; and it therefore makes such corporations amenable to process and subject to the jurisdiction of our Courts in the cases mentioned in the statute. In all such cases the corporation, upon the service of process, is bound to appear and submit itself to the jurisdiction of the Courts of this State. The statute does not provide, it is true, that such a corporation shall be amenable to process in a suit by a non-resident brought upon a foreign contract, and in such a case the corporation is not bound to submit itself to the jurisdiction of our Court. If, however, it does voluntarily appear, and the case is tried upon its merits, the Court having thereby jurisdiction of the person and the subject-matter, the judgment therein rendered

Fairfax Forrest Mining and Manufacturing Co. *vs.* Chambers.

is a valid judgment.  Our Courts have jurisdiction in regard to contracts, whether made in or out of the State, and where a suit is brought by a non-resident against a non-resident defendant upon a foreign contract, if the defendant voluntarily appears, and the case is tried upon its merits, the validity of a judgment rendered in such a case cannot be questioned.  And as an individual may submit himself to the jurisdiction of a foreign Court, so may a foreign corporation, for the reason that the principles in relation to the acquisition of jurisdiction over *non-resident* defendants, apply with the same force to foreign corporations as to natural persons.  *St. Clair vs. Cox,* 106 *U. S.,* 350.  Now in the case of *Myer, et al. vs. Liverpool, London & Globe Ins. Co.,* &c., 40 *Md.,* 595, and in *Cromwell & Sloan vs. Royal Canadian Ins. Co., Garn.,* 49 *Md.,* 366, attachments were issued against the foreign corporation on foreign contracts, and the attachments were quashed for want of jurisdiction.  The Court had no jurisdiction to enforce the liability of the defendant, because the corporation was a foreign corporation doing business in this State, and the contract sued on was a foreign contract.  And in *Myer's Case,* the Court held that the liability sought to be enforced, even by a resident in the State, must be a direct liability on the part of the corporation to the plaintiff.  But although the defendant corporation was not amenable to process in these cases in suits by a non-resident, upon a foreign contract, yet if it had appeared voluntarily, and submitted itself to the jurisdiction of the Court, the validity of the judgment therein rendered could not have been questioned.  So in this case although the defendant was not amenable to process under section 296, Art. 23 of the Code, yet having voluntarily appeared to the suit, and the case having been tried on its merits, the Court thereby acquired jurisdiction, and the judgment rendered is a valid judgment.

(Decided 17th March, 1892.)          *Judgment affirmed.*