Price et al. *v.* Schaeffer (and Harrell et al.), Appellant.

*Constitutional law—Judgment of another state—Contradiction of record —Jurisdiction—Affidavit of defence.*

In an action upon a judgment entered in the court of another state, the record may be contradicted by evidence of facts impeaching the jurisdiction of the court.

An affidavit of defence to such an action is sufficient which avers that the appearance recited in the record of the judgment sued on was merely constructive, and that in fact the defendant was not served with process, did not appear, and had no knowledge of the suit until recently when demand was made upon him in this jurisdiction for payment.

Argued Jan. 18, 1894. Appeal, No. 102, Jan. T., 1894, by defendant, William L. Schaeffer, from order of C. P. No. 1, Phila. Co., Dec. T., 1892, No. 681, making absolute rule for judgment for want of sufficient affidavit of defence, in action by John E. Price et al., trading as Stewart & Price, against William L. Schaeffer and F. J. Harrel et al. Before STER-RETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Assumpsit on judgment of Circuit Court of Montgomery County, Maryland.

The affidavit of defence by Schaeffer averred in substance :

That defendant, at the time suit was brought, was not a resident of Montgomery county, Maryland, in which the suit was brought, but did reside in the county of Frederick, Maryland. That he never resided in said Montgomery county, Maryland, after the suit was brought, and never carried on any business there.

That defendant was never served with any summons or any paper of any kind in the said suit in Maryland.   That in February, 1883, he moved to Philadelphia, and has resided here ever since, and never knew anything about said suit in Maryland until about six months ago, when demand was made upon him here in Philadelphia for payment of the judgment; that he never authorized anybody to appear in the suit in Maryland, and that he knew nothing about it.

That the laws of Maryland provide that "no person shall be sued out of the county in which he resides until the sheriff or coroner of the county in which he resides shall have returned a non est on a summons issued in said county;" and that, prior to the issuing of the summons in Montgomery county, no summons had been issued in Frederick county, and that neither the sheriff nor the coroner had made return of non est to any summons issued out of said Frederick county according to the requirements of said law.

That, according to the record of the Maryland judgment, upon which suit has been brought here, it is apparent that defendant's residence was in Frederick county, Maryland, and not in Montgomery county, where the suit was brought.

That the other two defendants in the original suit were residents of Montgomery county, were liable to the process of said summons and were actually summoned.   That this defendant, William L. Schaeffer, and the two other defendants in the original action, were all included in one summons, and the sheriff made the simple return "summoned" to the writ.

That defendant filed a bill in equity in Maryland to have the said judgment, as to him, canceled and set aside, and the plaintiffs enjoined from attempting to enforce the said judgment; that the said court of Montgomery county refused to interfere therein, simply upon the ground that the defendant had a good defence to the action in the state of Pennsylvania upon the judgment obtained in Maryland, provided he was not actually served with summons in the said Maryland court.

Rule for judgment absolute.   Defendants appealed.

*Error assigned* was above order.

*A. E. Stockwell,* for appellants.—Neither the constitutional

provision that full faith and credit shall be given in each state to the public acts, record and judicial proceedings of every other state, nor the act of Congress passed in pursuance thereof, prevents an inquiry into the jurisdiction of the court by which the judgment offered in evidence was rendered: Thompson v. Whitman, 18 Wal. 457.

The record of a judgment rendered in another state may be contradicted as to the facts necessary to give the court jurisdiction, and if it be shown that such facts did not exist, the record will be a nullity, notwithstanding it may recite that they did exist: Knowles v. Gas Light Co., 19 Wal. 58; Hall v. Lanning, 1 Otto, 160; Pennoyer v. Neff, 5 Otto, 714; Weaver v. Boggs, 38 Md. 255; Grover v. Radcliffe, 66 Md. 511; Fairfax Co. v. Chambers, 75 Md. 614; McDermott v. Clary, 107 Mass. 501; Gilman v. Gilman, 126 Mass. 26; Guthrie v. Lowry, 84 Pa. 533; Motter v. Welty, 2 Dist. R. 39; Whart. Conf. L. § 811; Story, Conf. L. § 609.

The question of jurisdiction may be inquired into although the judgment is binding and conclusive in the state in which it was rendered: Steel v. Smith, 7 W. & S. 448; Guthrie v. Lowry, 84 Pa. 533; Thompson v. Whitman, 18 Wal. 457; Weaver v. Boggs, 38 Md. 255; Grover v. Radcliffe, 66 Md. 517; Baxley v. Linah, 16 Pa. 241; Veite v. McFadden, 3 W. N. 63.

In Hamilton v. State, 32 Md. 348, defendant had been summoned. His plea was that he was not sued in his county. Held, a good defence, and suit bad.

In Gittings v. State, 33 Md. 458, defendant was sued out of the county in which he resided. The court decided that defendant could present the question of his nonresidence by a motion of non pros., supported by an affidavit, and that when the question was so presented it was the duty of the court to hear and determine it.

In State v. Gilling, 35 Md. 169, the sheriff returned to the summons " served." Defendant did not plead, but moved for non pros. Held, that the motion of non pros. should be granted, as defendant was a resident of another county.

It is submitted further that the Maryland courts enforce the just principle that, when a judgment is carried from a sister state into the state of Maryland for enforcement, the state of

Maryland has a right to question the jurisdiction of the court where judgment was obtained: Weaver v. Boggs, 38 Md. 255; Hanley v. Donoghue, 59 Md. 245; Grover v. Radcliffe, 66 Md. 517; Fairfax v. Chambers, 75 Md. 614.

There is no contradiction of the record as the return "summoned" is true as to two of the defendants.

*Horace M. Rumsey*, *William C. Duror* with him, for appellee. —The record shows appellant was summoned and appeared. The judgment is therefore conclusive: Wetherill v. Stillman, 65 Pa. 105; Reber v. Wright, 68 Pa. 471; Guthrie v. Lowry, 84 Pa. 537; Mink v. Shaffer, 124 Pa. 280.

It will be presumed, in the absence of an averment to the contrary, that the courts of a sister state have the authority they assume to exercise, and that the mode of procedure pursued by them, though different from that established by the laws of this state, was in accordance with the law and practice of such state: Freeman on Judgments, 3d ed., § 565; Mills v. Duryea, 2 Am. L. Cas. 647.

If the record of a judgment of a sister state shows on its face that the court had jurisdiction of appellant through a service of its process, its judgment must be taken by the courts of this state as juris et de jure and an affidavit of defence setting forth that deponent was not served or notified by the process in the original suit will not prevent the courts of this state from entering judgment: Lance v. Dugan, 22 W. N. 132; Wetherill v. Stillman, 65 Pa. 105; U. S. Const., art. 4, § 1.

OPINION BY MR. JUSTICE MITCHELL, May 21, 1894: ·

How far section first of article 4 of the constitution of the United States, and the act of Congress of May 26, 1790, passed to carry it into effect, operate to preclude a defendant from offering evidence against the judgment of one state when sued upon it in another, has been the subject of much discussion and difference of opinion. A distinction has always been made however between facts going to the jurisdiction of the court, and those relating to the merits, and the tendency has been strong to open the door to evidence upon the former. The earlier view was that the mere presumption in favor of jurisdiction might be contradicted, but that evidence could not be

received against the affirmative recitals of jurisdictional facts in the record. In Hampton v. McConnell, 3 Wheaton, 234, Chief Justice MARSHALL said, "whatever pleas would be good to a suit thereon in such state, and *none others,* could be pleaded in any other court in the United States." And a similar view is indicated by the decisions in Mills v. Duryea, 7 Cranch, 481, (as to which see the remarks of BRADLEY, J., in 85 U. S. 462,) and Landes v. Brant, 10 How. U. S. 348, 371. "It was undoubtedly the purpose [of the constitutional provision] to give to the judicial proceedings of each state the same faith and credit, in every other state, to which they were entitled in the state in which they took place." Story on the Constitution, sec. 1310, *n.*

In Thompson v. Whitman, 85 U. S. 457, however, the question came directly before the Supreme Court of the United States, and Justice BRADLEY, admitting that there was no previous express decision on the point, made an elaborate review of all the authorities, and announced for the court the conclusion that jurisdiction was always open to question, even upon facts affirmatively asserted in the record. This decision was affirmed and followed in Knowles v. ·Gaslight Co., 86 U. S. 58, and Pennoyer v. Neff, 95 U. S. 714, and has been considered as settling the law, by the highest court, on the subject. The great weight of authority in the state courts is to the same effect, and so are the text-books: McDermott v. Clary, 107 Mass. 501; Gilman v. Gilman, 126 Mass. 26; Wright v. Andrews, 130 Mass. 149; Grover & Baker Co. v. Radcliffe, 66 Md. 511; Fairfax Mining Co. v. Chambers, 75 Md. 614; Eager v. Stover, 59 Mo. 87; and Napton v. Leaton, 71 Mo. 358; Wharton on Conflict of Laws, sec. 823; Story on Conflict of Laws, sec. 609; Story on the Constitution, sec. 1310, note *a,* ed. by M. M. Bigelow, 1891; 12 Am. and Eng. Ency. of Law, 148 *x,* and cases there cited.

Our own cases have not been in entire harmony. In Wetherill v. Stillman, 65 Pa. 105, the earlier doctrine was enforced with great strictness, and, the record reciting an appearance by counsel, it was held, SHARSWOOD, J., dissenting, that an affidavit by defendant that he had never been served with process, or authorized any one to appear for him, was not sufficient to prevent judgment, THOMPSON, C. J., saying, " the recital shows

conclusively the jurisdiction of the parties. . . . consequently the defendant's affidavit in this particular amounted to nothing against the record to which it referred." In Noble v. Thompson Oil Co., 79 Pa. 354, however, it was held that notwithstanding the recital in the record of an attachment in rem in New York, it might be shown that the property was not there and the court therefore acquired no jurisdiction. And in Guthrie v. Lowry, 84 Pa. 533, it was distinctly held that "whatever doubts may have been at one time entertained, it is now an incontrovertible position . . . that the record may be contradicted by evidence of facts impeaching the jurisdiction of the court," citing among others the cases in 85 and 86 U. S., supra, though in the particular case the foreign court was held as a matter of law to have had jurisdiction. This would seem to be a formal recognition and adoption, even if partially obiter, of the later and presently prevailing doctrine. But in Lance v. Dugan, 22 W. N. 132, the court again reverted in a brief per curiam to the old rule, saying that as the record showed a service on defendants the judgment was conclusive notwithstanding an affidavit in denial.

In this condition of the law we have the point in the present case for final settlement. Whatever our individual views upon the true spirit of the constitutional provision, we have no hesitation in conforming to the prevailing rule. It would be sufficient to say that it is now the established rule in the Supreme Court which is the ultimate authority on all questions depending on the constitution and statutes of the United States. But, in addition to that, the same rule now prevails in the courts of a majority of the states, and it is a question on which uniformity is desirable. It would be contrary to sound policy to deny to our own citizens a defence against judgments obtained in other states, out of a comity which such states refused to us. An apt illustration is afforded by the present case, in which it appears that the court of chancery in Maryland denied the appellant relief against the original judgment on the ground that the same defence would be open to him here.

The affidavit of defence avers that the appearance recited in the record of the judgment sued on was merely constructive, and that in fact the appellant was not served with process, did not appear, and had no knowledge of the suit until recently

when demand was made upon him for payment. These being facts going to the jurisdiction of the court the record could be contradicted in regard to them.

The affidavit presented a prima facie defence and was sufficient to prevent judgment.

Judgment reversed, and procedendo awarded.