## ASBURY W. HARTLOVE *vs.* JOHN J. DURHAM.

*Contracts—Renunciation in the Course of Performance.*

Appeal from the Superior Court of Baltimore City
(WRIGHT, J.) *Affirmed.*

The plaintiff and defendant made contracts by which the
former agreed to sell to the latter twenty-five hundred cases
of standard three-pound tomatoes at fifty-five cents per
dozen, and the latter agreed to sell to the former 120,000
standard three-pound cans at $1.75 per hundred, and 5,000
three-pound cases at eight and a-half cents each—the goods
sold by the defendant to the plaintiff were to be paid for by
tomatoes as per contract. Each party proceeded to fulfill
his contract, the plaintiff from time to time shipping tomatoes
to the defendant and the defendant shipping cans and cases
to the plaintiff. But it was not long before differences and
controversies arose between them, the result of which was
that each charged the other with having violated their re-
spective contracts. The plaintiff claiming that he had fulfilled
his contract, or that if he had not so done, he had been pre-
vented by the defendant, sued on the common counts, for a
balance of $647.46 on account of goods actually delivered
and accepted by the defendant. He recovered a verdict for
$374.43. There was a motion for a new trial, which was
overruled, and the defendant has appealed.

The Court said : " There is but one exception, and that
relates to the rulings upon the prayers. By his first prayer

the defendant asked the Court to instruct the jury that if they shall find that a special contract was entered into between the plaintiff and defendant on the 9th of July, 1896, and that it was never abrogated, abandoned or annulled, the plaintiff is not entitled to recover on the common counts, and that consequently their verdict must be for the defendant. But it is apparent that this prayer is an erroneous presentation of the law, for, notwithstanding the fact that the contract may not have been abandoned or annulled, yet, if the plaintiff was prevented from fully complying with his part of the contract by the wrongful refusal of the defendant to accept any more goods, or by any other wrongful act of which there was evidence to go to the jury, then the plaintiff was entitled to recover in an action on the common counts the value of the goods delivered and accepted by the defendant. And so it has always been held. *Hannan* v. *Lee*, 1 H. & J. 85; *Watkins* v. *Hodges*, 6 H. & J. 38; *Denmead* v. *Coburn*, 15 Md. 611; *The Fairbanks Co.* v. *Chambers*, 75 Md. 611.

"There was ample evidence before the jury, if they believed it, to show that the defendant refused to accept some of the goods shipped by the plaintiff, and failed to ship cans in which to pack the tomatoes, and thus prevented the completion of the contract by the latter. This will appear by the letter of the 22d September, 1896, and the evidence of the plaintiff. The same error was made in the defendant's second prayer. The third prayer of defendant, among other reasons was properly rejected, because it assumes that there was a breach of the contract of the 9th July, 1896, the testimony upon that point having been conflicting, and it should have been, therefore, submitted to the jury. All three of the rejected prayers are open to other objections, but what we have said is sufficient to show that they were properly rejected, and that, therefore, no error was committed by the rulings complained of."

Opinion by FOWLER, J., filed January 4th, 1898. *Frederick C. Cook* for the appellant. *James H. Preston* for the appellee.