## Splane v. Splane, Appellant.

*Judgment—Foreign judgment—Sheriff's return—Parol evidence—Conflict of laws.*

Where it appears that under the laws of California a sheriff's return is only prima facie evidence of the facts therein contained, such return may be attacked in Pennsylvania by parol evidence.

Where a sheriff's return in a foreign judgment is attacked by the testimony of the defendant alone, and this in itself is contradictory in character

and is flatly and circumstantially contradicted by the deputy who served the process, and it also appears that the defendant ignored the summons, although alleged to have been defectively served, and permitted the judgment to stand for more than a year, and a record thereof to be brought to Pennsylvania, the evidence will be deemed insufficient as a defense in a suit upon the foreign judgment.

*Conflict of laws—Husband and wife—Foreign judgment.*

Where in an action upon a foreign judgment recovered by a husband against a wife, it appears that under the laws of the state in which the judgment was recovered, the judgment was valid, it is not necessary to set forth in the statement in the suit in Pennsylvania the grounds upon which a husband is allowed to sue his wife in Pennsylvania.

Argued April 26, 1905.     Appeal, No. 224, April T., 1905, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1901, No. 230, on verdict for plaintiff in case of Charles U. Splane v. Charlotte W. Splane.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a foreign judgment.   Before McCLUNG, J.

The facts appear by the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $481.45.   Defendant appealed.

*Errors assigned* were (1) in sustaining a demurrer to a plea that the plaintiff and defendant were man and wife; and (2) in giving binding instructions for plaintiff.

*Joseph Howley,* of *Hudson & Howley,* for appellant.—In an action on a judgment rendered in another state the defendant, notwithstanding the record shows a return of the sheriff that he was personally served with process, may show the contrary, namely, he was not served, and that the court never acquired jurisdiction of his person: Knowles v. Gaslight & Coke Co., 86 U. S. 58 ; Greenzweig v. Strelinger, 103 Cal. 278 (37 Pac. Repr. 398).

The authorities in California all show conclusively that the statutes relating to the service of process must be fully complied with, or judgment by default is coram non judice and void : Lyman v. Milton, 44 Cal. 630 ; Edmondson v. Mason, 16 Cal. 386 ; McMillan and Wife v. Reynolds, 11 Cal. 372.

*E. E. Kiernan,* for appellee.—There can be no doubt whatever that a husband can sue his wife in California : Wilson v. Wilson, 36 Cal. 447; Mauldin v. Cox, 67 Cal. 387 (7 Pac. Repr. 804) ; Marlow v. Barlew, 53 Cal. 456.

A judgment good in one state is enforceable in any other state : Caldwell v. Carrington, 34 U. S. 86.

It is wholly a question of whether defendant had actual notice of suit, and even if such notice is defective it is coram judice, and is valid until reversed by direct proceeding and cannot be collaterally attacked : Harrington v. Wofford, 46 Miss. 31 ; Christian v. O'Neal, 46 Miss. 669 ; Freeman on Judgments, sec. 126 ; Drake v. Duvenick, 45 Cal. 455 ; Lyons v. Roach, 84 Cal. 27 (23 Pac. Repr. 1026) ; Millette v. Mehmke, 26 Minn. 306 (3 N. W. Repr. 700) ; Levan v. Millholland, 114 49 ; Abell v. Simon, 49 Md. 318.

OPINION BY BEAVER J., OCTOBER 9, 1905 :

The appellant argues the principal point in this case as if the court had denied the right of the defendant to question the conclusiveness of the record relating to the service of the writ upon the defendant. This is not the ground, however, upon which the court ruled the case.

The jurisdiction of the superior court of Los Angeles county, California, was attacked, on the ground that the defendant had never been brought within its jurisdiction and that, therefore, it could not legally render a judgment against her. This allegation was made in the face of the return of the sheriff which admittedly showed all the facts necessary to bring the defendant within the jurisdiction of that court. The defendant claimed, not that she had no notice of the action, for she admits that the summons was read to her, at least in part, so as to apprise her of the cause of action, but that the service of the summons was defective in that the officer serving the writ had not left with her a copy of the complaint. The court below did not rule that the jurisdiction of the court could not be attacked, for he admitted all the testimony upon that subject, but that, taking it as a whole, it was not sufficient to contradict the return of the sheriff, which was a part of the record.

That there has been doubt in regard to this subject in Penn-

sylvania is not questioned. Since Price et al. v. Schaeffer, 161 Pa. 530, however, it has been settled that " In an action upon a judgment entered in the court of another state, the record may be contradicted by evidence of facts impeaching the jurisdiction of the court." Under the law in Pennsylvania, it is incompetent to contradict a return of a sheriff by parol, the remedy for a false return being by a personal action against the sheriff; but by the law of California, as shown in the trial, the return of a sheriff is only prima facie evidence of the facts therein contained. It can, of course, therefore, be attacked in that state, and so was held to be the subject of attack here and all the defendant's testimony offered for that purpose was admitted.

How was the attack made ? By the testimony of the defendant alone, confused and somewhat uncertain, in which she contradicted herself at least twice as to points more or less material. Not only does her testimony stand alone, she is flatly and circumstantially contradicted by the deputy who served the process upon her. Surely under such circumstances, the prima facie evidence of the service of the summons, as shown by the sheriff's return, ought not to be overthrown. Surely the solemn record of a court should not be contradicted by parol testimony, such as we have here.

With the knowledge that the summons had been issued and that a suit was pending, defendant admits that she consulted her attorney but, by his advice, paid no further attention to the matter and left the jurisdiction of the court which issued the summons, without an effort to have the service set aside, because of the informality which she alleges. She allows more than a year to pass, during which judgment was taken against her by default and a record thereof brought to Pennsylvania, upon which the present suit was based. She allowed the plaintiff to incur costs and, although not absolutely precluded perhaps from setting up this defense by her conduct, it is nevertheless a circumstance which, taken in connection with the other facts in the case, justified the court below in refusing to submit the question to the jury. It would be a most dangerous practice to allow the unsupported testimony of a defendant such as we have in this case to overthrow the record of a judgment solemnly and regularly entered in another

jurisdiction. As the trial judge, in his reasons for refusing a new trial, says:

" To permit the defense now offered is to permit defendant to ignore a summons which, even if defectively served, informed her fully of what she was sued for, and also to ignore for years a judgment of which she had knowledge and which, on the face of the record, was entered regularly and with full jurisdiction, and when suit is brought simply set up the alleged irregular service.

" This, we take it, can scarcely be called giving full faith and credit to the records and judicial proceedings of the state of California."

As to the general subject of judgments of the courts of other states, see a very full note following Montgomery v. Consolidated Boat Store Co., 103 Am. St. Rep. 302.

As to the sustaining of the demurrer to the defendant's so-called plea in abatement, we think it was not necessary to allege in the statement the grounds upon which a husband is allowed to sue his wife in Pennsylvania. Under the laws of California, as they were given in evidence in this case, the suit was properly brought in that jurisdiction and, so far as that part of the case was concerned, the judgment was regularly entered. If the judgment was good in the jurisdiction in which it was entered, it was good in Pennsylvania and the plaintiff had a right to recover upon it, under the first section of the fourth article of the Constitution of the United States.

The assignments of error are both overruled.

Judgment affirmed.