## Mayer *v.* Weiss, Appellant.

*Action on a foreign judgment—Affidavit of defense—Insufficiency.*

In an action brought on a judgment recovered in Missouri, it appeared by the exemplification that the writ was returned duly served and the parties appeared for trial.

An affidavit of defense is insufficient which merely avers that the courts of Missouri lacked jurisdiction over the defendant: that legal service had not been obtained, and that he was not in the jurisdiction of Missouri on the date of service or the date of trial shown in the exemplification.

The constitutional requirements that full faith and credit be accorded to the judgment of a sister state cannot be set aside by the mere traverse of the service by the defendant.

Argued October 12, 1925.    Appeal No. 117, October T., 1925, by defendant from judgment of Municipal Court of Philadelphia County, July T., 1924, No. 363, on verdict for plaintiff for want of a sufficient affidavit of defense, in the case of Louis Mayer v. Joseph Weiss. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Action on a foreign judgment.    Before WALSH and KNOWLES, JJ.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The Court made absolute the rule.    Defendant appealed.

*Error assigned* was the order of the Court.

*Albert A. J. Cohan,* for appellant.

*D. Arthur Magaziner* and with him *Clinton O. Mayer.* for appellee.

OPINION BY LINN, J., December 14, 1925:

Judgment for want of a sufficient affidavit of defense was entered in this suit, brought on an exemplification of a judgment recovered in Missouri. The affidavit of defense averred that the court in Missouri had no "jurisdiction over the defendant, in that no service had been legally obtained on said defendant which would cause him to appear at the trial." A supplemental affidavit was filed, repeating that statement and adding that "he was not in St. Louis nor within the jurisdiction of Missouri" on the date of service shown in the exemplification or on the date of trial.

The exemplification shows "Summons Writ returned duly served......" It also shows that the trial of the case was twice continued and that at the time specified, the "parties appear ready for trial......"

The constitutional requirements that full faith and credit be accorded such a judgment would amount to little if the facts so certified had to give way to a mere traverse of the service or of defendant's presence at the trial because of absence from the state on the dates specified. Service may have been made at his residence in his absence (Rev. Stat. Mo. 1919, Chap. 12, art. 4, sec. 1186, p. 496) and in his absence he may have appeared by his authorized attorney at the trial; if not, why did he not so aver? If a party has a defence based on want of jurisdiction over the person and adequately avers it, he is of course entitled to a trial: Price v. Schaeffer, 161 Pa. 530.

Judgment affirmed.