## Berger v. Cohn.

*Judgment—Foreign judgment—Jurisdiction of person—Full faith and credit—Constitution of United States—Res judicata.*

1. A judgment *in personam* rendered in one state without having acquired jurisdiction of the person of the defendant is not enforceable in other states under the full faith and credit clause of the Constitution of the United States.

2. But this principle does not obtain where the defendant had raised the question of failure of service upon him in the court in which the judgment was entered, and that question had been decided against him; such a decision is an adjudication of the question of jurisdiction, and the defendant in a suit against him in the court of another state on the judgment cannot again raise the question of lack of personal service.

Motion for judgment *n. o. v.* C. P. Butler Co., Sept. T., 1925, No. 53.

*Thomas W. Watson,* for plaintiff; *W. H. Martin,* for defendant.

HENNINGER, P. J., July 20, 1926.—March 17, 1925, the plaintiff, Jacob S. Berger, obtained a judgment against the defendant, J. S. Cohn, in the Municipal Court of the City of New York for the payment of $202.79. The record of said court exhibits the fact that the summons issued in the case in which the judgment was entered was personally served on the defendant.

May 27, 1925, the defendant, by his counsel, Milton C. Weisman, appeared in said Municipal Court and presented his petition, averring that he was not legally served with the summons and that the return of personal service was false and prayed that the judgment entered against him be vacated and set aside, accompanying his petition with the affidavit of Milton C. Weisman and Jack. I. Harlblays as proof of the said averments. To this petition the plaintiff filed an answer affirming that personal service was had on the defendant and filed with his answer the affidavits of Samuel Fullman, Celia Bernkoff and Irving Yahr. A hearing was had on the petition and answer on June 18, 1925, at which hearing counsel for plaintiff and defendant agreed that the following order be made: "Upon the foregoing papers the motion is granted and defendant allowed to appear and answer on condition that defendant, within five days, serve and file his answer and deposit in court cash or a surety company bond in the amount of judgment to secure any judgment that may be entered herein."

The defendant failed, neglected and refused to file his answer and bond or to make the deposit in cash, and on Nov. 9, 1925, on motion of counsel for plaintiff, the said court made the following order: "Upon reading and filing the petition of Samuel Fullman, verified the 19th day of October, 1925, and upon the order entered in this case on the 18th day of June, 1925, and upon all the papers and proceedings had thereon, and upon motion of Samuel Fullman, attorney for plaintiff, it is hereby ordered that the motion of June 18, 1925, to vacate and set aside the judgment entered in the above entitled action on the 17th day of March, 1925, be and the same is hereby denied."

This suit is brought upon the said judgment to recover the sum of $202.79, with interest from March 17, 1925. Defendant contests the recovery on the ground that he was not personally served with the summons issued in the suit in which the judgment was entered, contending that the Municipal Court of the City of New York had, therefore, no jurisdiction over him and that the judgment rendered is not enforceable in this State. To this contention plaintiff replies that the question of personal service was adjudicated in said Municipal Court upon the petition of the defendant and that the adjudication is a judgment of the State of New York, to which full faith and credit must be given by this court. When this contention was presented at trial we overruled it and submitted to the jury the question as to whether or not the defendant had been personally served. The answer of the jury was that he had not. The case is now before us on a motion for judgment n. o. v. on the part of the plaintiff.

It is well settled law that a judgment *in personam* rendered in one state, without having acquired jurisdiction of the person of the defendant, is not enforceable in other states under the full faith and credit clause of the United States Constitution: Price v. Schaeffer, 161 Pa. 530; Thompson v. Whitman, 85 U. S. 457; Knowles v. Gaslight and Coke Co., 86 U. S. 58.

Plaintiff's counsel admitted that such is the law and that if the judgment stood as originally entered it could not be enforced in this State, in view of the jury's finding, but contended that defendant raised and had adjudicated in the State of New York the question of whether or not he was personally served in said action and may not now have it adjudicated again, the judgment of the Municipal Court of the City of New York having become final and conclusive.

A careful consideration of this case has led us to the conclusion that plaintiff's contention must prevail. When the judgment was originally entered against the defendant he could have ignored it and attacked it in any court in which an attempt was made to enforce it, but he did not do so. He invoked the court of New York and adjudicated that question and may not now ignore the adjudication. When a question is once adjudicated by a court of competent jurisdiction which has acquired jurisdiction of the parties, it is conclusive in all courts of the Union by virtue of the full faith and credit clause of the Constitution of the United States.

No question is raised as to the jurisdiction of the Municipal Court of the City of New York over the subject-matter, and no question can be raised as to the person, because he voluntarily appeared and submitted his cause. When the original judgment was entered against defendant, if he were of opinion that the service was not sufficient to bring him under the jurisdiction of the court and had confidence in this opinion, he could have remained away and let the plaintiff take his course, but his election to have an adjudication of the question of personal service in the court that had rendered the judgment

Berger v. Cohn.

necessarily precludes him from any further inquiry or adjudication of the question. There must be an end to all litigation and one trial on a single controverted question must be the end.

The question involved in this case does not appear to ever have been passed upon by either of our appellate courts, but an adjudication in point is found in the case of Ederheimer v. Carson Dry Goods Co., 152 S. W. Repr. 142.

*Order.*—And now, July 20, 1926, the motion for judgment n. o. v. on the part of the plaintiff is granted, and judgment is now hereby entered in favor of the plaintiff and against the defendant in the sum of $219.25, with interest from this date and costs of suit, and the prothonotary is now hereby directed to enter such judgment of record. An exception is noted for the defendant to this order.                                       From Thomas H. Greer, Butler, Pa.