## Reber *versus* Wright *et al.*

1. An action was against Reber alone, the declaration was upon a judgment in another state against Reber and Cretin. *Held*, that the record was properly amended by adding Cretin's name ; the declaration showing that there was an omission.

2. The certificate to the record in another state was that " the foregoing copy of record is truly taken and correctly copied from the records of judgments of said court, remaining in my office." The presumption was that it was a copy of the whole record.

3. Where the foreign record showed a general appearance by attorney, this is primâ facie sufficient to give the court jurisdiction.

4. The object of the Act of April 15th 1851 (Judgments in another State) was to provide for the case of an attempt to make a resident of this state party to a suit in another state by service of notice on him in this state.

5. No sovereignty can extend its process beyond its own territorial limits, to subject other persons or property to its judicial decisions.

6. When the courts of a sister state have jurisdiction, its judgments are final and conclusive in every other state.

7. Where there was a plea of *nul tiel record* and issues of fact, and a jury was sworn to try the issues generally : the swearing of the jury was to be referred to the issues they were competent to try.

8. Pending issues of law may be decided by the court either before or after the verdict on the issues of fact.

9. It seems best to dispose of issues of law first.

May 8th 1871. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Franklin county* : No. 41, to May Term 1871.

This was an action of debt, commenced October 31st 1868, by Edmund Wright and J. B. Levering against William Reber. On the same day a declaration was filed, that the plaintiffs " complain of William Reber, the defendant, that he render unto them $294.83," and that the plaintiffs at a Court of Common Pleas of Knox county, Ohio, on the 5th of December 1867, recovered a judgment for $280 debt and $14.83 costs, " against the said William Reber and a certain Dennis Cretin," * * * whereof the said William Reber is convict," &c. On the 25th of April 1870 the court granted a rule to show cause why Cretin should not be made a co-defendant with Reber. This rule was served personally on Cretin, and on the 6th of June he answered: " That at the date of the commencement of the said suit, he was, and still is, a resident of Chambersburg. That he was omitted from the said action as a co-defendant, not through any mistake of the said plaintiff, but of purpose and through design. That it

[Reber *v.* Wright.]

is not competent in law, under the provisions of any of the Acts of Assembly of this Commonwealth, to add his name as a co-defendant in the said action, because the said suit purports to have been brought upon the record of a judgment of the Court of Common Pleas of Knox county, Ohio, against the above-named William Reber, and for the further reason that the said change in the names of the defendants introduces a new cause of action." On the 7th of June the court ordered that the record shall be amended by adding the name of Cretin as a co-defendant, with William Reber.

The defendant Reber pleaded *nul tiel record;* and that the judgment was rendered in the court of Knox county, Ohio, without any competent jurisdiction in that court, the defendant being at the date of issuing the writ a citizen of Pennsylvania, and the writ never having been served upon him.

The cause was tried, October 21st 1870, before Rowe, J.

The plaintiffs offered in the evidence an exemplification of the record of the judgment in the Court of Common Pleas of Knox county, Ohio, on which the suit was founded, viz. :—

"Edmund Wright and J. B. Levering *v.* Dennis Cretin and William Reber. Pleas at the Court-house in, &c., on the 5th day of December 1867, before the Hon. Thomas C. Jones, judge, &c., of the Sixth Judicial District, &c. Be it remembered, that on the 10th of March 1865, the said plaintiffs, &c., filed in the office of the clerk of our aforesaid court, a transcript of the proceeding had by and before H. Phillips, Esq., a justice of the peace," &c.

The record of the justice was between the same parties; the claim was for $297, and summons issued, "May 4th 1865, for Dennis Cretin and William Reber, returnable May 8th 1865, and delivered the same to C. Majors, constable, and returned in due time endorsed. Received this writ May 5th 1865, and served by copies on the same day, on the within-named defendants, by leaving it at their place of residence. * * * May 8th 1865, the defendants failed to appear, but made default. The plaintiffs appeared and demanded a trial, &c. Thereupon it is, on said 8th day of May, A. D. 1865, considered and adjudged by me, that the plaintiffs, Edmund Wright and J. B. Levering, recover of the defendants, Dennis Cretin and William Reber, the sum of $297, damages and costs," &c.

On the 9th of May, the record reciting the foregoing judgment, and that "the said Dennis Cretin and William Reber intend to appeal therefrom to the Court of Common Pleas of Knox county," shows that W. H. Buckland undertook "that the said appellant, if judgment be adjudged against him on the appeal, will satisfy such judgment and costs, &c., and that the said appellant will prosecute his appeal to effect," &c.

Various steps were taken in the case after it had been removed

[Reber *v.* Wright.]

into the Court of Common Pleas of Knox county; all which were specifically stated in the exemplification.    One of the entries was . " This cause came on to be heard; upon the motion of defendants to strike petition from the files, and was argued by counsel, on consideration whereof the court do overrule said motion, and leave is given defendants to answer.    Thereupon on motion, and it appearing to the court that the security of the appeal given by defendants in this case is insufficient, they are thereby ruled to give additional security within sixty days from the rising of court, and this cause is continued upon application of defendants, and at their costs," &c.

It further appeared that the cause, on the 16th of August 1867, was " continued on defendants' motion.    And now, &c., this day came the parties, by their attorneys, and neither party demanding a jury, submit this cause to the court upon the issue joined, and agree that judgment may be rendered in favor of plaintiffs and against defendants, for the sum of $280 and costs.    It is therefore considered and adjudged by the court, that said plaintiffs recover of said defendants the sum of $280 and the costs of this proceeding, taxed at $14.83, in accordance with the terms of said agreement."

The certificates were :—

" State of Ohio, Knox county, ss.

" I, Alexander C. Elliott, Clerk of the Court of Common Pleas, in and for said county, do hereby certify that the foregoing copy of record, is truly taken and correctly copied from the records of judgments of said court (Law Record F. F., pages 168 to 170 inclusive), remaining in my office.    In testimony whereof I hereto set my hand and official seal, at Mount Vernon, in said county, this 13th day of August, A. D. 1868.

" ALEXANDER C. ELLIOTT, Clerk of Court
" Common Pleas, Knox Co., Ohio."

" The State of Ohio, Knox County, ss.

" I, Thomas C. Jones, Presiding Judge of the Court of Common Pleas, in and for the county of Knox and state of Ohio, do certify that Alexander C. Elliott, whose signature appears to the foregoing attestation, was at the date thereof, and still is, clerk of said court, duly elected and qualified ; that the foregoing is his genuine signature, and that his attestation aforesaid is in due form of law.

" In testimony whereof I have hereunto set my hand and seal this 25th day of August, A. D. 1868.

" T. C. JONES, [L. S.]
" Pres. Judge of said Court."

The defendants objected to the evidence :—

1. Because the certificate of the clerk does not state that it is a full and complete copy of the whole record and of all proceedings.

2. Because the record shows that the proceedings commenced before a justice of the peace, and an appeal taken by one of the defendants without saying which one.

3. Because the record on its face shows that there was no personal service on the defendants.

4. Because the record shows there was no trial of the case, but a judgment confessed by attorney.

The court admitted the offer and sealed a bill of exceptions.

The plaintiffs closed, and the defendants submitting no evidence, requested the court to instruct the jury :—

" That the record in this case does not show that personal service of the notice or process by which the suit was commenced, upon which said judgment was obtained, was made in the state of Ohio, and that therefore the plea to the jurisdiction of the court filed in this case, under the Act of 15th of April, A. D. 1851, is good and must be sustained."

The court refused the request, and the verdict was for the plaintiffs for $348.03.

The defendant Reber took a writ of error.

He assigned for error :—

1. Adding the name of Dennis Cretin as defendant.

2. Admitting the exemplification of the Ohio record.

3 or 4. Answering the defendant's point in the negative, and instructing the jury to find for the plaintiff.

5. The issue of nul tiel record was tried by the jury, and a general verdict entered on all the issues.

6. Not entering judgment *non obstante veredicto* for the defendant on the plea of *nul tiel record.*

*J. McD. Sharpe* and *G. Brewer*, for plaintiff in error.

*C. E. Maglaughlin* and *L. S. Clarke*, for defendant in error.

The opinion of the court was delivered, May 18th 1871, by

SHARSWOOD, J.—The 1st assignment of error is to the order of the court below, adding the name of Dennis Cretin as a defendant in the action. This order was made after a rule on the said Dennis Cretin to show cause why he should not be made a party to the record as co-defendant with William Reber. This rule was granted on the 25th day of April 1870, returnable on or before the first Monday of June following. A certified copy of it was placed in the hands of the sheriff of the county, who returned on oath that on the 12th day of May 1870 he had served it personally on Dennis Cretin by giving him a true copy of " this writ," and made known the purport thereof. On

the 6th of June Dennis Cretin filed an answer, in which he objects to being made a defendant, because at the commencement of the suit he was and still is a resident of Chambersburg, and that he was omitted from the said action as a co defendant not through any mistake of the said plaintiff, but of purpose and through design; and because the said suit purports to have been brought upon a record of a judgment of the Court of Common Pleas of Knox county, Ohio, against the above-named William Reber, and for the further reason that the said change in the names of the defendants introduces a new cause of action. The court, notwithstanding this answer, made the rule absolute. None of these grounds of objection were valid. Although the suit was originally commenced against William Reber alone, the declaration was upon a judgment against him and Dennis Cretin. It was apparent then, upon the face of the record, that there was the omission of the name of a party who ought properly to have been made a defendant. The Act of Assembly of May 4th 1852, Pamph. L. 574, invests the courts with power " to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party." Nor was it true, by the declaration, that the suit purported to have been brought upon a record of a judgment against Reber, or that the addition of the name of the other defendant in that judgment introduced any new cause of action. There was no error, therefore, in the order of the court complained of.

The 2d error assigned is to the admission in evidence of the certified copy of the record of the judgment declared on. The first reason given, that the certificate of the clerk does not state that it is a full and complete copy of the whole record and of all proceedings, has not been pressed. The certificate is, that " the foregoing copy of record is truly taken and correctly copied from the records of judgments of said court remaining in my office." It is to be presumed, under such certificate, that it is a copy of the whole record, according to the cases of Edmiston v. Schwartz, 13 S. & R. 135; Voris v. Smith, Id. 334; Harper v. Farmers' and Mechanics' Bank, 7 W. & S. 204; Clark v. Depew, 1 Casey 509; Eberts v. Eberts, 5 P. F. Smith 110. The second objection was, " because the record shows that the proceedings commenced before a justice of the peace, and an appeal taken by one of the defendants, without saying which one." Without pausing to inquire whether this would be a valid objection to the record, if it was true, it is founded upon a mistake of fact. The recital of the record is, that " the said Dennis Cretin and William Reber intends to appeal," and although it proceeds to use the word appellant in the singular number, that is evidently a clerical error as much as the singular of the verb " intend." The third objection

[Reber *v*. Wright.]

was, "because the record upon its face shows that there was no personal service upon the defendants." The record disclosed a service by capias left at their place of residence. Without any evidence that they were not at the time residents within the jurisdiction of the court, such a service was sufficient—but moreover it is plainly stated that there was a general appearance by attorney. We have heretofore held, in a case not yet reported, that such appearance is primâ facie sufficient to give the court jurisdiction. The fourth objection was, " because the record shows there was no trial of the case but a judgment confessed by attorney." But if primâ facie the appearance by attorney was sufficient to give the court jurisdiction, a confession of judgment by him was clearly within the scope of his authority as such : Cyphert *v*. McClune, 10 Harris 195. We think, therefore, that these objections were all rightly overruled, and that there was no error in the admission of the record in evidence.

The 3d assignment of error is, that the learned judge below erred in answering in the negative the defendants' point—which was in substance that the record did not show a personal service of process upon the defendants, and that therefore the plea to the jurisdiction of the court, filed in the case under the Act of April 15th 1851, Pamph. L. 614, was good, and must be sustained. The whole object of the 9th and 10th sections of that Act of Assembly was to provide for the case of an attempt to make a resident of this state party to a suit in another state by the service of notice or process upon him in this state. The 9th section provides that " it shall be competent and lawful for a defendant in any action of debt upon a judgment of a court of another state, for maintaining a plea in bar to said action, to prove the service of the notice or process by which the original action was made on him in this state." The 10th section was intended merely to provide that if the record on its face, where there was personal service, did not show that it was made in such foreign state, it should be sufficient to maintain the plea to the jurisdiction. It surely did not mean to say that where a service was made by leaving a copy at the residence of the defendant, or where there was a voluntary appearance either in person or by attorney, the plea to the jurisdiction should be thereby maintained." Perhaps there was no occasion for the act. It seems to have been passed *ex majori cautela*. Such personal service out of the jurisdiction of the court in which the judgment was rendered, clearly would not give jurisdiction. All the authorities concur in this. " No sovereignty," says Mr. Justice Story, " can extend its process beyond its own territorial limits to subject other persons or property to its judicial decisions. Every exertion of authority beyond these limits is a mere nullity, and incapable of binding such persons or property in other tribunals:" Story on Conf. ch. 14, § 539. To

[Reber v. Wright.]

the same effect is Rogers v. Burns, 3 Casey 527. But to give the Act of 1851 the broader construction here contended for, would be in violation of the Constitution of the United States, and the Act of Congress passed in pursuance thereof. The Constitution, Art. IV., § 1, provides that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, and the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." Congress has, by a general law—the Act of May 26th 1790—prescribed the effect of such judicial proceedings by enacting that "they shall have such faith and credit given to them, in every court within the United States, as they have by law or usage in the courts of the state from whence the said records are or shall be taken." It would be an affectation of learning to cite the numerous decisions which have established that where the court of a sister state has jurisdiction, its judgments are final and conclusive in the courts of every other state. It is unnecessary to decide what would have been the effect had it been proved that the defendants had in fact no residence in the state in which the judgment was rendered, and that the attorney had no authority to appear to the action. No such evidence was given or offered in the court below. There is nothing in the 4th error assigned, that the learned judge erred in giving a binding instruction to the jury to find a verdict in favor of the plaintiffs. As the judgment was conclusive evidence of the debt, this it was his duty to do.

The 5th assignment of error is, that the issue of *nul tiel record* was tried by the jury instead of the court. But this does not appear. The swearing of the jury having been generally to try the issue, is to be referred to such issue as they were competent to try. Surely, if there were a general demurrer pending, it could not be considered that they were sworn to try that. Pending issues. of law may be decided either before or after a verdict upon issues of fact. It is within the discretion of the court, and the practice has varied. It is perhaps most advisable that they shall be disposed of first, for that may save the necessity of a jury trial. Here the general judgment by the court was necessarily a judgment upon the issue of law raised by the plea of *nul tiel record*.

Judgment affirmed.