KNOWLES *v.* THE GASLIGHT AND COKE COMPANY.

1. A return to a summons by the sheriff that he has served the defendant personally therewith is sufficient, without stating that the service was made in his county. This will be presumed.

2. But, in an action on a judgment rendered in another State, the defendant, notwithstanding the record shows a return of the sheriff that he was personally served with process, may show the contrary, namely, that he was not served, and that the court never acquired jurisdiction of his person. The case of *Thompson* v. *Whitman* (18 Wallace, 457), affirmed and applied.

Error to the Circuit Court for the District of Minnesota.

The Logansport Gaslight and Coke Company brought an action in the court below, against Alfred Knowles, on a judgment recovered by it against the said Knowles and one Thomas Harvey, in the Circuit Court for Cass County, Indiana. The defence to the action now brought was that that court did not have jurisdiction of the person of the defendant. The record of the former judgment was produced on the trial and was somewhat anomalous. Three defendants were sued in the Cass County Court—a certain J. W. Bain, Knowles, and Harvey—none of whom resided in Indiana. Bain was served with process in New York, and after a long struggle to get the proceedings dismissed as to himself, removed the cause into the Circuit Court of the United States, under the act of 1866,* and obtained a judgment in his favor. The cause was then remanded to the Cass County Court, and judgment by default was rendered against Knowles and Harvey. In some respects the proceedings seemed to have been conducted as a suit on attachment, the property of the defendants (who resided in Minnesota) being attached, and other creditors being allowed to come in to participate in the proceeds. Nevertheless the record of the proceedings contained, amongst other things, the copy of a summons in the case, issued to the sheriff of Cass County, against all the defendants, and a return thereto in the following words:

"I do hereby certify that I served the within writ, on the 14th day of September, 1865, upon Alfred Knowles and Thomas Harvey, personally, by reading the same to them. And I further certify that J. W. Bain cannot be found in my bailiwick."

---

* See it quoted, Case of the Sewing Machine Companies, 18 Wallace, 553.

The return was signed by the sheriff's deputy. This was all that appeared in the record on the subject of service of process on Knowles and Harvey, or in reference to their appearance or non-appearance to the action. The defendant, on the trial of the present action, contended that the return of the sheriff was insufficient to charge him personally in the former action, inasmuch as it did not show that service had been made in the proper county, or where it was made; and, being overruled on this point, he offered to prove by himself and Harvey that neither of them had in fact been served with process, and that the return was false; the purpose of this proof being to show that the Cass County Court, which rendered the judgment on which this action was brought, never had jurisdiction of the person of either. The court below (the case of *Thompson* v. *Whitman*,* in this court, not having then been adjudged) excluded the testimony, on the ground that the record could not be contradicted in a collateral proceeding.

The case was brought here on a bill of exceptions.

*Mr. R. H. Bigelow, for the plaintiff,* relied—

As to the first point, on *Allen* v. *Blunt*,† ruled in the circuit by the late Mr. Justice Nelson; and,

As to the second, on *Christmas* v. *Russell*,‡ and *Cheever* v. *Wilson*,§ adjudged in this court.

*Mr. F. R. E. Cornell, contra.*

Mr. Justice BRADLEY delivered the opinion of the court.

Upon the first point, that the return was insufficient, the plaintiff in error relies on a decision of Mr. Justice Nelson at the circuit, in the case of *Allen* v. *Blunt*, in which it is supposed to have been held that a return of service by the United States marshal, without showing that the service was made in his district, was insufficient to give the court

---

* 18 Wallace, 457.    † 1 Blatchford, Circuit Court, 480.
‡ 5 Wallace, 290.    § 9 Id. 108.

jurisdiction of the person.   What Justice Nelson held in that case was this: that inasmuch as the eleventh section of the Judiciary Act declares that "no suit shall be brought before either of said courts against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ;" therefore, the jurisdiction of said courts depends on service or inhabitancy in the district, one of which should appear of record; and inasmuch as the record in that case contained no allegation on the subject, and the jurisdiction of the court depended entirely on the marshal's return to the process, the return was insufficient to give it.   This authority, therefore, is not in point.   The case was in the United States court, and depended upon the peculiar phraseology of the act of Congress referred to therein; whereas the case in Cass County, now under consideration, was in a State court; and it is familiar law that a court of general jurisdiction will be presumed to have had jurisdiction of the cause and the parties until the contrary appears.   In our judgment, therefore, the return, on its face, shows no ground of error.   It will be presumed that the service was made in the proper county.

But the defendant also offered to prove by himself and Harvey that neither of them had ever in fact been served with process, and that, in consequence, the court had never, as to them, acquired jurisdiction of the person.

As this subject has been lately considered by us in the case of *Thompson* v. *Whitman*, it is unnecessary to go over the subject again.   In our opinion the defendant had a right to show by proof that he had never been served with process, and that the Circuit Court of Cass County never acquired jurisdiction of his person.   As this was refused him on the ground that the evidence was inadmissible, the judgment must be reversed.   We do not mean to say that personal service is in all cases necessary to enable a court to acquire jurisdiction of the person.   Where the defendant resides in the State in which the proceedings are had, service at his residence, and perhaps other modes of constructive service,

may be authorized by the laws of the State. But in the case of non-residents, like that under consideration, personal service cannot be dispensed with unless the defendant voluntarily appears.

JUDGMENT REVERSED, and a

VENIRE DE NOVO AWARDED.