## Shilling *v.* Seigle, Appellant.

*Evidence—Record—Foreign record.*

If a copy of the record of a foreign judgment produced in evidence purports to be a record and not a mere transcript of minutes from the docket, and the clerk certifies that it is truly taken and copied from the records of the foreign court, and that the same is a full and complete transcript of the proceedings had in the case, and this attestation is certified to be in due form of law, by the presiding judge, it will be presumed that the paper is a full copy of the entire record, and will be deemed sufficient.

*Judgment—Foreign judgment—Service of process—Jurisdiction.*

Where in an action upon an Ohio judgment, the record of the Ohio court shows a return by the sheriff to the effect that he had served the defendant by handing him personally a certified copy of the writ, and the record also shows that the Ohio court had found that the defendant had been duly served with a summons in the case, and the Ohio statutes show that service of a copy of the summons is sufficient, the court in Pennsylvania will assume, in the absence of proof to the contrary, that the defendant was properly summoned, although there is no distinct averment in the Ohio record that the defendant was summoned in the state of Ohio.

In an action upon a foreign judgment, where the plaintiff in his statement of claim avers that the foreign court had jurisdiction, and the defendant at the trial in pursuance of a rule of court offers in evidence his affidavit of defense in which he denies service upon him in the foreign jurisdiction, the plaintiff sufficiently meets the denial by offering the transcript of the foreign record, showing actual service upon the defendant.

*Judgment—Foreign judgment—Service of process—Sunday—Conflict of laws.*

In an action upon a foreign judgment it is of no avail to the defendant that service of process was made upon him in the foreign jurisdiction on Sunday, where the laws of the foreign jurisdiction make such service legal.

Argued Oct. 20, 1903. Appeal, No. 106, Oct. T., 1903, by defendant, from judgment of C. P. Lawrence Co., March T., 1901, No. 58, on verdict for plaintiff in case of Solomon S. Shilling et. al., trading as Shilling & Company, v. Adam H. Seigle. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a foreign judgment. Before GALBREATH, P. J., specially presiding.

At the trial the plaintiffs offered in evidence the transcript of the foreign judgment certified in accordance with the laws of congress. The substance of the record and the objections to its offer are stated in the opinion of the Supreme Court.

The court under objection and exception admitted the transcript in evidence. [1]

The court under objection and exception refused to admit in evidence paragraphs five and seven of defendant's affidavit of defense, which were as follows:

5. The alleged exemplication does not show, or allege, or aver, any writ, summons or notice served on defendant, affiant, in the state of Ohio, and does not aver or recite that the contents of any writ, summons or notice was made known to affiant in Ohio or elsewhere.

·7. Affiant further says that at the time of the bringing of the suit recited in the alleged exemplication he was a nonresident of the state of Ohio, and that he was a resident of the state of Pennsylvania, and that he has continued to be a resident of the state of Pennsylvania from that time up to the present day, and that the sheriff of Columbiana county, Ohio, did not serve any summons, notice or process upon him on May 27, 1900, or on any other day, and that he did not on May 27, 1900, or at any other time, serve a summons, notice or process of any writ for the commencement of the action recited in the alleged exemplication. He further says that he was never served with any writ, notice, summons, or process in said case. He further says that he never appeared in said case and that the alleged judgment against him is fraudulent and void. [2]

The court charged in part as follows:

[The plaintiff in this case brings into this court an exempli-

fication of a judgment obtained in the courts of Columbiana
county, Ohio, against the defendant in this case, Adam H. Seigle.
Under laws to which we have already made reference, this court
is obliged to give full faith and credit to the record of that
judgment—assume that the judgment is correct. That record
is brought here as the basis of this suit, and under the testimony
that has been adduced here, this record having been offered, we
are compelled to say to you, gentlemen, it will be your duty
to return a verdict in this case in favor of the plaintiff and
against the defendant for the amount of the judgment as shown
by the records of the courts of Columbiana county, Ohio, which,
according to this record, is $1,500, with interest from May 16,
1897.] [3]

Verdict and judgment for plaintiff for $2,017.25. Defend-
ant appealed.

*Errors assigned* were (1, 2) rulings on evidence ; (3) portions
of charge as above, quoting it.

*J. Norman Martin*, for appellant.—To the return we object
that it does not constitute a service of summons, even if it
states the facts in the case, because (*a*) it does not appear
where the alleged service was made ; (*b*) it does not appear
the alleged service was made in Ohio; (*c*) it does not aver
that the summons was read in the hearing of defendant or that
the contents were made known to him, or that he was given
notice of its contents ; (*d*) it shows that it was served on Sun-
day. On this question the court will take judicial notice that
May 27, 1900, was Sunday, and summons cannot be served on
that day: Stern's Appeal, 64 Pa. 447 ; Rheem v. Carlisle De-
posit Bank, 76 Pa. 132.

The presumption is, that the law of another state is the same
as the law of this state unless the law of such other state is
pleaded and proven as any other fact: Hanley v. Donoghue,
116 U. S. 1 (6 Super. Ct. Repr. 242); Mullen v. Morris, 2
Pa. 85 ; Jones v. Maffett, 5 S. & R. 523; Kean v. Rice, 12
S. & R. 203 ; Tenant v. Tenant, 110 Pa. 478; Braintrim Town-
ship Overseers v. Windham Township Overseers, 10 Pa. C. C.
Rep. 250.

Defendant being a nonresident and not having had notice,

the judgment is not entitled to faith and credit out of the state in which it was rendered: D'Arcy v. Ketchem, 52 U. S. 165; Rogers v. Burns, 27 Pa. 525; Guthrie v. Lowry, 84 Pa. 533.

*W. G. Wells,* with him *D. B. Kurtz* and *James J. Igoe,* for appellee.—The return shows that the service of summons was made personally in Columbiana county, Ohio. It will be presumed that the service was made in the proper county: Knowles v. Gaslight & Coke Co., 86 U. S. 58; Murphy v. Chase, 103 Pa. 260; Kelly v. Creen, 53 Pa. 302; Polk Co. Bank v. Fleming, 33 Weekly Notes of Cases, 75; Reber v. Wright, 68 Pa. 471; Elliott v. Plattor, 43 Ohio St. 198 (1 N. E. Repr. 222); Richardson v. Smith, 83 Mass. 543; Lattourett v. Cook, 1 Iowa, 1. The service of summons was made in accordance with section 5039 of the Revised Statutes of Ohio, of which the court may take judicial notice: State of Ohio v. Hinchman, 27 Pa. 479. The service on Sunday was valid: Hastings v. Columbus, 42 Ohio St. 585–592; Ohio v. Thomas, 61 Ohio St. 444–446 (56 N. E. Repr. 276).

A judgment of a court of another state properly authenticated has the same conclusiveness in Pennsylvania as at home: Wetherill v. Stillman, 65 Pa. 105.

An affidavit of defense setting forth that deponent was not served or notified of process in the original suit will not prevent the courts of this state from entering judgment: Lance v. Dugan, 22 W. N. C. 132; 1 Freeman on Judgment, secs. 130–132; Callen v. Ellison, 13 Ohio St. 446; Hammond v. Davenport, 16 Ohio St. 178; Scobey v. Gano, 35 Ohio St. 550; Wehrle v. Wehrle, 39 Ohio St. 365; Guthrie v. Lowry, 84 Pa. 533; Price v. Schaeffer, 161 Pa. 530.

A return to a summons by the sheriff that he has served the defendant personally is sufficient, without stating that the service was made in his county. This will be presumed: Knowles v. The Gaslight & Coke Co., 86 U. S. 58; Mink v. Shaffer, 124 Pa. 280; in re Ellis's Estate, 55 Minn. 401; Scott v. Coleman, 5 Littell (Ky.) 349; Shumway v. Stillman, 4 Cowen (N. Y.) 292; Buffum v. Stimpson, 87 Mass. 591; Cooper v. Sunderland, 3 Iowa, 114; Pelton v. Platner, 13 Ohio St. 209; Hanley v. Donoghue, 116 U. S. 1 ( 6 Sup. Ct. Repr. 242).

OPINION BY Mr. JUSTICE BROWN, January 4, 1904:

This is a suit on a judgment rendered against the appellant in the court of common pleas of Columbiana county, Ohio. Objection was made in the court below, which has been renewed here, though not very seriously, to the sufficiency of the exemplification of the record. The copy or exemplification purports to be of a record. The clerk certifies that it "is truly taken and copied from the records of the said court of common pleas within and for the said county of Columbiana, and that the same is a full and complete transcript of the proceedings had in said cause." The presiding judge certifies that John S. McNutt, who certified the record, is clerk of said court, and that his attestation is in due form of law; and, in turn, the said clerk certified that W. W. Hole was, at the time of his certificate, and still is, the presiding judge of the said court. This is a full compliance with the rule on the subject as laid down in 1 Greenleaf on Evidence (15th ed.), sec. 506 : " If the copy produced purports to be a record, and not a mere transcript of minutes from the docket, and the clerk certifies ' that the foregoing is truly taken from the record of the proceedings ' of the court, and this attestation is certified to be in due form of law, by the presiding judge, it will be presumed that the paper is a full copy of the entire record, and will be deemed sufficient."

The real question raised on this appeal is as to the proof appearing from the record that the sheriff of Columbiana county, Ohio, had served the process on the defendant, personally, in that state. If he was not personally served, and did not appear in the foreign court, he is not concluded by the judgment there entered against him. Section 10 of the Act of April 14, 1851, P. L. 612, provides : " If the record of a judgment of another state does not show that personal service of the notice or process by which the suit was commenced upon which said judgment was obtained, was made in such foreign state, it shall be sufficient to maintain a plea to the jurisdiction of the court in which said judgment was rendered." The return of the Ohio sheriff was : " Received this writ, May 26, 1900, and on May 27, 1900, I served the within named defendant, A. H. Seigle, by handing to him personally, a certified copy of this writ with all the indorsements thereon." According to sec. 5039 of the Revised Statutes of Ohio, brought to the notice of

the trial judge of the common pleas of Lawrence county, service of a summons in Ohio, "shall be made by delivering at any time before the return day a copy of the summons, with the indorsements thereon, to the defendant personally or by leaving a copy at his usual place of residence." The common pleas of Columbiana county, Ohio, as appears from the exemplification of the record, found that the appellant, who had been returned as personally served by the sheriff, "was duly served with summons in this cause."

A record shows not only what appears in express words upon its face, but, in addition, it is to be read as showing whatever must be presumed to appear from it; and if in the present case it presumably shows that the summons was served on the appellant in the state of Ohio, it is sufficient, in the first instance, to sustain the jurisdiction of the foreign court in rendering judgment against him personally, to which all courts within the United States are bound to give the full faith and credit contemplated by the federal constitution. If it did not show actually or presumably that service had been made in the foreign state, the plea to the jurisdiction of the court in which the judgment was rendered could, of course, be maintained under section 10 of the act of 1851.

In Reber v. Wright, 68 Pa. 471, the suit was on a judgment obtained in the state of Ohio, the return of service having been that on the same day the summons was received by the officer, he served it by leaving a copy at the residence of the defendants. Objection was made that "the record on its face shows that there was no personal service on the defendants;" but it was held that as it appeared there had been service by a copy of the writ left at the place of residence of the defendants, the service was sufficient to sustain the jurisdiction of the Ohio court in the absence of any evidence that the defendants were not at the time residents within the jurisdiction of the court. In other words, without more than appeared from the face of the record, the presumption was that the defendants were residents of the state of Ohio at the time the suit there was instituted and the process served. So here, with the return by the sheriff of personal service on the defendant and the finding of the court "that the defendant, A. H. Seigle, was duly served with summons in this cause," the presumption surely is

that, at the time the writ was served personally on the appellant, he was within the county of Columbiana, the presumed jurisdiction of the sheriff having the writ in his hands. A return to a summons by the sheriff, that he has served the defendant personally therewith, is sufficient without stating that the service was made in his county. This will be presumed: Knowles v. Gaslight & Coke Company, 86 U. S. 58. To the same effect are Richardson v. Smith, 1 Allen, 541, and Mink v. Shaffer, 124 Pa. 280, for omnia præsumuntur rite esse acta. The proof from the record, however, was simply presumptive, and the defendant was at liberty to show the contrary on the trial here, viz., that he had not been served in the foreign state and that the foreign court had never acquired jurisdiction of his person: Knowles v. Gaslight & Coke Company, supra. But no such defense was made. In his affidavit of defense, the defendant avers that he had not been served " with any writ, notice, service or process " in the suit brought against him in Ohio, and that portion of it containing the averment that he had not been served with any process in the original suit was offered in evidence by the defendant as an admission by the plaintiffs of its truth, because it had not been, as required by the rule of the court below, " specifically traversed or denied by the opposite party under oath or affirmation," and was, therefore, to be taken as admitted and no proof required. In making this offer for the purpose stated, it was overlooked that the averment by the defendant that he had not been served was a denial by him of a material averment first made by the plaintiffs in their statement of their claim, that the court of common pleas in Ohio had jurisdiction of the premises, which, as the learned trial judge below very properly held in refusing a new trial, " should be taken to mean jurisdiction of the person of the defendant and the subject-matter of the suit." Without such denial, the plaintiffs would not have been put to proof of their averment; but, with the denial, proof was required of them, which they furnished from the record.

We are asked to judicially notice that May 27, 1900—the day on which the sheriff served the summons—was Sunday. So it was, but, under Hastings v. Columbus, 42 Ohio St. 585, and Ohio v. Thomas, 61 Ohio St. 444, the service was good in Ohio.

Judgment affirmed.