## MULCAHY & GIBSON, Inc., to use of NATIONAL SURETY CO. v. RICHMAN.

(District Court, E. D. Pennsylvania. June 22, 1920.)

No. 4364.

**1. Judgment ☞930—Impeachment of foreign judgment sued on.**

Where the opinion and judgment of a court repeatedly refer to the person against whom the judgment is rendered on a counterclaim as the "substituted plaintiff," and recite appearance and argument by his attorney, it is not sufficient to impeach the judgment, when sued on in a foreign jurisdiction, that the action was commenced by another as assignee of such person, and that the pleadings in the record do not show the substitution, when no evidence is offered by the judgment defendant that the substitution was not made as recited.

**2. Judgment ☞942—When foreign judgment is sued on, jurisdiction of court presumed.**

In an action on a judgment recovered in another state, the record of which is duly authenticated and produced in evidence, it will be presumed that the court had jurisdiction of the subject-matter and the parties, in the absence of proof to the contrary.

**3. Judgment ☞942—Foreign judgment not impeachable for incompleteness or ambiguity, in absence of proof contradicting record.**

While the constitutional provision that full faith and credit shall be given in each state to the judicial proceedings of other states does not preclude inquiry into the jurisdiction of the court in which the judgment sued on is rendered over the subject-matter or the parties, or into the facts necessary to give such jurisdiction, such judgment may not be declared null and void for want of jurisdiction because of incompleteness and ambiguity, where no proof is offered against what actually appears on the record.

At Law. Action by Mulcahy & Gibson, Incorporated, to use of the National Surety Company, against Joseph A. Richman. On motions for new trial and for judgment for defendant on point reserved. Denied.

C. Wilfred Conard, of Philadelphia, Pa., for plaintiff.
Paul Reilly, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The National Surety Company, use plaintiff, brought this suit as assignee of Mulcahy & Gibson, Incorporated, upon a judgment recovered by the latter in the Supreme Court of New York, county of New York, against the defendant, in the sum of $6,436.64. At the trial the plaintiff offered in evidence an exemplification of the record of the said judgment, with an assignment to the use plaintiff, and rested. The defendant offered in evidence a copy of the charter of the National Surety Company and rested.

[1] Under the direction of the court, the jury rendered a verdict in favor of the plaintiff for $8,367.63; the court reserving the question of law whether under all the evidence the plaintiff could recover. The record of the judgment offered in evidence showed a summons issued by Charles Somberg, plaintiff, against the city of New York, Cooper & Evans Company, Mulcahy & Gibson, Incorporated, American Fidelity

Company of Montpelier, Vt., Equitable Trust Co. of New York, and Pennsylvania Steel Company, as defendants.

The complaint sets up a claim of Joseph A. Richman (assignor of the plaintiff, Charles Somberg) upon a statutory lien on an unpaid balance due Cooper & Evans Company under a contract with the city of New York for construction work. The complaint alleges that the Cooper & Evans Company entered into a subcontract with Mulcahy & Gibson, Incorporated, for steel structural work, and that Mulcahy & Gibson, Incorporated, entered into a subcontract with Richman for performance of part of the labor and material under said contract; that Cooper & Evans Company had so far completed the performance of its contract that payments remained due to it from the city of New York in excess of the plaintiff's lien; that a similar situation existed as to Mulcahy & Gibson, Incorporated; that Richman had substantially performed his contract when he was stopped by Mulcahy & Gibson, Incorporated; and that the amount of his claim was due from Mulcahy & Gibson, Incorporated.

An answer was filed by Mulcahy & Gibson, Incorporated, denying liability, on account of Richman's default in performance, and setting up a counterclaim for damages amounting to $5,683.54, by reason of being obliged to complete the work to be done by Richman under the terms of his contract. Answers were filed by the remaining defendants, which are not material to the present suit. The pleadings all show a suit wherein Charles Somberg is the plaintiff, suing as assignee of Joseph A. Richman, with nothing establishing that he was a party.

The record next shows bills of costs of some of the defendants, in which, in the caption, Joseph A. Richman is named as "Substituted Plaintiff, etc., Plaintiff," indorsed with affidavits of service upon "Lyman Ward, Attorney for Plaintiff." Following, in the record, is the opinion of Justice Giegerich of the Supreme Court of New York, in the caption of which Joseph A. Richman is named as "substituted plaintiff in place of Charles Somberg." Justice Giegerich's opinion sets out that the case was heard without a jury, and tried on the 4th, 5th, 6th, 7th, and 8th days of January, 1915, and his decision follows a statement that it was "after hearing Lyman Ward, Esq., attorney for the plaintiff," and attorneys for several defendants. The opinion refers to "Joseph A. Richman, the substituted plaintiff herein," as having entered into a contract with Mulcahy & Gibson, Incorporated. It refers to the terms of the contract entered into between "the plaintiff and the defendant Mulcahy & Gibson, Incorporated." It refers to abandonment of the work by "plaintiff" at a cost in excess of the price fixed in the contract between Mulcahy & Gibson, Incorporated, and "the plaintiff." Throughout the findings, when referring to the contract and the work done thereunder by Richman, it refers to him as "the plaintiff." It refers to Richman as "the plaintiff" in relation to the filing of notice of lien.

In view of the averments in the pleadings concerning the contract, and performance by Richman, and the filing of notice of lien by Richman, Justice Giegerich could not have been referring to Charles

Somberg as plaintiff, for he was a stranger to the contract and performance and lien, except as assignee. In the conclusions of law, where it is likewise obvious that Richman is referred to, it refers to him as "the plaintiff." Justice Giegerich finds that there is nothing due from the defendant Mulcahy & Gibson, Incorporated, to "the plaintiff," and that Mulcahy & Gibson, Incorporated, has established its counterclaim arising from the breach by "the plaintiff." He finds that Mulcahy & Gibson, Incorporated, is entitled to a judgment dismissing the complaint, and to an affirmative judgment against "the plaintiff" on its counterclaim for $6,336.69. Then follows the judgment of the court, in the caption of which Joseph A. Richman is named as "Substituted Plaintiff in Place of Charles Somberg, Plaintiff," and the appearance of "the plaintiff, by Lyman Ward, Esq., his attorney," is recited, and it is ordered, adjudged, and decreed that the defendant, Mulcahy & Gibson, Incorporated, recover judgment against the plaintiff, Joseph A. Richman, upon its counterclaim, for the sum of $6,336.69, with costs.

The defendant moves for a new trial, and for judgment for defendant upon the point reserved, upon the ground that Joseph A. Richman, the defendant at bar, does not appear to have been a party to the judgment entered against him in favor of Mulcahy & Gibson, Incorporated. It is contended that the record does not show any process invoked by Richman, no process issued against him, no complaint, no answer, no reply by Richman, no amendment, nor proceedings to amend of record, no appearance by Richman, and no appearance for Richman.

It is true that the record does not show any process issued, the effect of which would bring Richman into court. The summons was issued by Somberg. The complaint was filed on behalf of Somberg, and the answers were answers to Somberg's complaint. It does appear on the record, however, and as part of the opinion and judgment of the Supreme Court of New York, that Richman was substituted as plaintiff for Somberg, and that as substituted plaintiff in place of Charles Somberg he was named as plaintiff in the suit, and was heard through Lyman Ward, Esq., as his attorney. How the substitution was made does not appear. The proceedings at the hearing before the court without a jury are not contained in the record. While the fact that a substitution was made is established only by inference from the captions and recitals in the opinion and judgment, the inference is strengthened by the fact that the judgment was entered against Richman, and not against Somberg, and the presumption that the court was acting within its jurisdiction.

[2] In an action on a judgment recovered in another state, the record of which is duly authenticated and produced in evidence, it will be presumed that the court had jurisdiction of the subject-matter and the parties, in the absence of proof to the contrary, and although the record may be incomplete or ambiguous on this point. Reber v. Wright, 68 Pa. 471; Lincoln v. Tower, 15 Fed. Cas. 544, No. 8,355; Knowles v. Gaslight & Coke Co., 86 U. S. (19 Wall.) 58, 22 L. Ed. 70; Shilling v. Siegle, 207 Pa. 381, 56 Atl. 957.

[3] It is thoroughly settled that the constitutional provision that full faith and credit shall be given in each state to the judicial proceedings of other states does not preclude inquiry into the jurisdiction of the court in which the judgment is rendered over the subject-matter, or the parties affected by it, or into the facts necessary to give such jurisdiction. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Tilt v. Kelsey, 207 U. S. 43, 28 Sup. Ct. 1, 52 L. Ed. 95; National Bank v. Wiley, 195 U. S. 257, 25 Sup. Ct. 70, 49 L. Ed. 184; Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897; Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538; Grover & Baker Sewing Machine Co. v. Radcliffe, 137 U. S. 287, 11 Sup. Ct. 92, 34 L. Ed. 670; Simmons v. Saul, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054; Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464; Cooper v. Newell, 173 U. S. 555, 19 Sup. Ct. 506, 43 L. Ed. 808; Thormann v. Frame, 176 U. S. 350, 20 Sup. Ct. 446, 44 L. Ed. 500.

It does not follow, however, that a judgment rendered by a court of another state may be declared null and void for want of jurisdiction, because of incompleteness and ambiguity, where no proof is offered against what actually appears on the record. It would have been open to the defendant to show by competent proof that he was not substituted as plaintiff in the New York court, that Lyman Ward, Esq., did not appear as his attorney, or to show any other facts which would establish that the New York court had never acquired jurisdiction over him, either by process or by his voluntary act. He chose, however, to rely upon the technical incompleteness and ambiguity of the judgment record, instead of upon proof of facts entirely within his knowledge, which would show whether or not he had become a substituted plaintiff, and appeared by counsel as plaintiff in the case. While the cases hold that the presumption of jurisdiction may be overcome and the question inquired into, the defendant has failed to refer to any decision where it is apparent that the foreign court had jurisdiction on the face of the record, and the court in which the record was in evidence, without further proof, would refuse to give the judgment full faith and credit, because the record was either incomplete or ambiguous upon that point.

The motions for a new trial and for judgment for defendant on point reserved are denied.