## Quinn v. Reed.

*Pleadings — Foreign judgments — Presumption of residence—Service of process—Act of April 14, 1851.*

In an action upon the judgment of a court of a sister state, it is not necessary to aver in the statement of claim that defendant did in fact reside within the jurisdiction of the court in which the judgment was rendered, where the transcript of the sheriff's return of the summons shows service by leaving a copy at the defendant's residence. This raises a presumption that defendant was a resident within the jurisdiction of the court at the time the suit was instituted and the process served.

Act of April 14, 1851, P. L. 612, considered.

Statutory demurrer. C. P. Erie Co., Sept. T., 1921, No. 288.

*W. Louis Schlesinger,* for plaintiff; *L. E. Torry,* for defendant.

HIRT, J., Dec. 20, 1923.—Since the order of Nov. 28, 1922, overruling the statutory demurrer to plaintiff's statement, a motion for a reargument was granted. Before reargument, plaintiff amended his statement of claim by attaching a full and complete transcript of the proceedings had in the District Court for Oklahoma County, in the State of Oklahoma, in which court judgment was entered against the defendant in favor of the plaintiff. The judgment there entered is the foundation of the action here. To the amended statement defendant filed a statutory demurrer, alleging that the statement is insufficient in law, in that it does not aver that defendant was a resident of the State of Oklahoma at the time the suit was brought, nor that the summons was served upon him within that state.

The transcript of the summons, filed as part of the Oklahoma record, contains a return of the sheriff to the effect that on April 3, 1916, he executed the summons by delivering a true copy thereof, at the usual place of residence of F. O. Reed, with B. M. Dilley, he being a member of defendant's family over sixteen years of age.

The Act of April 14, 1851, P. L. 612, in section 10, provides: "If the record of a judgment of another state does not show that personal service of the notice or process by which suit was commenced, upon which said judgment was obtained, was made in such foreign state, it shall be sufficient to maintain a plea to the jurisdiction of the court in which said judgment was rendered."

In the case of Reber *v.* Wright, 68 Pa. 471, followed in Shilling *v.* Siegle, 207 Pa. 381, objection was made that the record on its face showed that there was no personal service on defendants, but it was held that, as it appeared there had been service by a copy of the writ left at the place of residence of the defendants, the service was sufficient to sustain the jurisdiction of the Ohio court, in the absence of any evidence that defendants were not at the time residents within the jurisdiction of the court. In other words, without more than appeared from the face of the record, the presumption was that defendants were residents of the State of Ohio at the time the suit was instituted and the process served. In support of that conclusion, Mr. Justice Sharswood, in part quoting the ruling of the lower court, said: "The whole object of the 9th and 10th sections of that act of assembly (Act of April 15, 1851, P. L. 614) was to provide for the case of an attempt to make a resident of this State party to a suit in another state by the service of notice or process upon him in this State. The 9th section provides that 'it shall be competent and lawful for a defendant in any action of debt upon a judgment of a court of another state, for maintaining a plea in bar to said action, to prove the service of the notice or process by which the original action was made on him in that state.' The 10th section was intended merely to provide that if

the record on its face, where there was personal service, did not show that it was made in such foreign state, it should be sufficient to maintain a plea to the jurisdiction. It surely did not mean to say that where a service was made by leaving a copy at the residence of the defendant, or where there was a voluntary appearance, either in person or by attorney, the plea to the jurisdiction should be thereby maintained. Perhaps there was no occasion for the act. It seems to have been passed *ex majori cautela.* Such personal service out of the jurisdiction of the court in which the judgment was rendered clearly would not give jurisdiction. All the authorities concur in this. 'No sovereignty,' says Mr. Justice Story, 'can extend its process beyond its own territorial limits to subject other persons or property to its judicial decisions. Every exertion of authority beyond these limits is a mere nullity and incapable of binding such persons or property in other tribunals:' Story on Conf., ch. 14, par. 539. To the same effect is Rogers *v.* Burns, 27 Pa. 525. But to give the Act of 1851 the broader construction here contended for would be in violation of the Constitution of the United States and the Act of Congress passed in pursuance thereof."

It, therefore, appears that, since the record of the foreign judgment shows that service was made by leaving a copy of the summons at the residence of the defendant, a plea to the jurisdiction cannot be maintained until it be shown that defendant in fact was not resident within the jurisdiction of the Oklahoma court at the time of service. The presumption that defendant's residence was in Oklahoma arises from the return of the sheriff, and, therefore, the statement of claim need not contain an averment to that effect.

And now, to wit, Dec. 20, 1923, the statutory demurrer filed April 18, 1923, is overruled, with leave to the defendant to file his affidavit of defence within fifteen days.                                   From Lytle F. Perry, Erie, Pa.