Romero *v.* Mattioli Construction Co., Appellant.

Argued June 17, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

*Rames J. Bucci,* with him *Bucci and Bucci,* for ap-
pellant.

*Bertram Wolfson,* with him *Raspin, Espenshade,
Heins, Erskine & Stewart,* for appellee.

OPINION BY WRIGHT, J., September 16, 1960:

Frank R. Romero filed a complaint in assumpsit
against Mattioli Construction Company based upon a
New Jersey judgment obtained as the result of a work-
men's compensation proceeding. An exemplified copy
of this judgment was attached to plaintiff's complaint.
After its preliminary objections were overruled, defend-
ant filed an answer. Plaintiff then filed a motion for
judgment on the pleadings. This motion was granted
by the court below, and judgment was entered in plain-
tiff's favor. The defendant has appealed.

The question before us is the extent to which the New Jersey judgment is final and conclusive in Pennsylvania. Appellant is concededly a Pennsylvania corporation. The New Jersey tribunal found that appellant was engaged in construction work in New Jersey, and employed Romero in the performance of that work. Appellant avers in its answer that it did not engage in construction work in New Jersey, did not employ Romero, and "was never served with notice of any claim against it". The exemplified record discloses that appellant was not served personally, and did not appear or answer. Service of process was purportedly effected by leaving a copy of Romero's claim petition with the secretary of the workmen's compensation bureau who sent by registered mail a notice of such service and a copy of the petition to appellant at the address stated in the petition in accordance with the provisions of the applicable New Jersey statute.[1]

"The general rule is that a judgment of a court of competent jurisdiction is final and conclusive and must be given full faith and credit in other jurisdictions as to all matters in controversy, or which with proper diligence might have been interposed as a defense in the original action . . . It is also equally well settled that a judgment is conclusive only in so far as responsive

---

[1] "Any employer, not a resident of this State . . . who shall employ . . . any person to perform work, labor or services within this State shall be deemed by the accepting of the privilege of engaging in such work . . . to constitute and appoint the secretary of the workmen's compensation bureau as his or its agent for the acceptance of process in any proceeding by any such employee . . .

"Service of such process shall be made by leaving a copy of the petition with the secretary of the bureau . . .; provided, that notice of such service and a copy of the petition are forthwith sent by registered mail to the respondent to the address stated in such petition, by the secretary of the bureau": 34 N. J. Stat. Ann., 15:55-1.

to the pleadings, and, consequently, in an action brought on a judgment of another state evidence may be offered to show the subject matter involved was not included in the proceeding in the foreign jurisdiction, or that the latter court was without jurisdiction of the cause of action or of the party": *Hunt v. Snyder,* 261 Pa. 257, 104 A. 603.

Appellant cites section 10 of the Act of April 14, 1851, P. L. 612, 12 P.S. 932, which provides as follows: "If the record of a judgment of another state does not show that personal service of the notice or process by which the suit was commenced upon which said judgment was obtained was made in such foreign state, it shall be sufficient to maintain a plea to the jurisdiction of the court in which said judgment was rendered". This statute has no application in the case at bar. It is intended merely to require that, if the record of the judgment of another state shows that jurisdiction is based upon personal service, it must appear that the personal service relied upon was made within that state: *Reber v. Wright,* 68 Pa. 471. And see *German Trust Co. of Davenport v. Plotke,* 274 Pa. 483, 118 A. 508.

It is clearly apparent that, if this appellant was in fact engaged in construction work in New Jersey, it may not attack the merits of the workmen's compensation proceeding. However, the pivotal issue remains, namely, is appellant entitled to defend on the ground that it never accepted the privilege of engaging in work in New Jersey, the very basis of the New Jersey jurisdiction. We have concluded that appellant should be permitted to raise this question. Our view is that, in defending against a foreign judgment, a Pennsylvania resident may properly assert that it was not present in the foreign state when its presence there is the fundamental ground upon which the foreign jurisdiction is

based. It follows that the court below erred in entering summary judgment on the pleadings.

The only case cited in appellee's brief is *Shilling v. Seigle,* 207 Pa. 381, 56 A. 957, which actually supports appellant's position. The question in that case was whether the record of an Ohio judgment showed that process had been personally served upon the defendant in that state. Our Supreme Court made the following pertinent observation: "If he was not personally served, and did not appear in the foreign court, he is not concluded by the judgment there entered against him".

We are of the opinion that the instant appeal is ruled by the case of *Price v. Schaeffer,* 161 Pa. 530, 29 A. 279, which held that the affidavit of defense therein under consideration was sufficient to prevent judgment. Mr. Justice MITCHELL said in that case: "A distinction has always been made however between facts going to the jurisdiction of the court, and those relating to the merits, and the tendency has been strong to open the door to evidence upon the former . . . The affidavit of defense avers that the appearance recited in the record of the judgment sued on was merely constructive, and that in fact the appellant was not served with process, did not appear, and had no knowledge of the suit until recently when demand was made upon him for payment. These being facts going to the jurisdiction of the court the record could be contradicted in regard to them".

Judgment reversed with a procedendo.