## Adler v. Krawitz

*Charles J. Fonzone* and *Walker, Thomas and Karess,* for plaintiffs.

*Robert C. McFadden,* for defendant.

WIEAND, *J.,* February 26, 1974 — On May 8, 1973, Martin Adler and Harriette Adler, husband

and wife, filed in the office of the prothonotary of Lehigh County an exemplified copy of a judgment entered against Sol Krawitz for $12,825 in the Superior Court of New Jersey — Passaic County. Krawitz then filed a petition to "open and/or strike" the judgment. Supported by his own depositions, defendant's petition was argued and is now before the court for determination.

A judgment entered in a sister state may be transferred to and enforced in Pennsylvania in one of two ways. The traditional method of enforcement has been the commencement of an action in assumpsit wherein the subject is the foreign judgment. See Romero v. Mattioli Construction Co., 193 Pa. Superior Ct. 90, 163 A.2d 671 (1960). A second method for enforcing a foreign judgment was established by the legislature in 1965 when it adopted the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P. L. 1157, 12 P. S. §921 et seq. It was this method which the Adlers adopted in attempting to enforce their judgment against Krawitz in this court.

Section 2 of the Uniform Act, 12 P. S. §922, provides: "A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with the act of Congress or the statutes of this State may be filed in the office of the prothonotary of any court of common pleas of this State. The prothonotary shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this State. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of

any court of common pleas of this State and may be enforced or satisfied in like manner."

It may be observed parenthetically that the foregoing procedure is similar to that established by Pa. R.C.P. 3002 for the inter-county transfer of judgments in Pennsylvania. Whether originating in another county or in another state, it is necessary that a copy of the judgment be accompanied by the docket entries incidental to its entry.

In the instant proceedings, plaintiffs filed a copy of an order of the Superior Court of New Jersey by which a judgment had been entered against Krawitz and other named defendants by default.

The judgment was entered, according to the recital of facts in the court order, because defendants failed to appear when the Adlers' civil action against them was called for trial. No other records have been transferred to this court. The docket entries incidental to the entry of the judgment in New Jersey have not been transferred. Without such docket entries, however, attempted transfer of the New Jersey judgment is defective. Compliance has not been had with the requirements of the Uniform Act. Because of this deficiency, the judgment entered in Lehigh County must be stricken. See Stewart v. Savage, 58 Del. Co. 534 (1970).

This defect in plaintiffs' procedure is not an insignificant omission which can be ignored without affecting the substantive rights of the parties. Defendant's petition "to open and/or strike" the judgment alleges that service of process was not effected upon him in the New Jersey action and

that the court, therefore, lacked jurisdiction of his person. Plaintiffs contend, on the other hand, that service was effected upon defendant in New Jersey and that counsel had entered an appearance on defendant's behalf in that action. They suggest also, that on at least two occasions Krawitz attempted unsuccessfully to attack the jurisdiction of the New Jersey court by filing motions to remove the judgment in that court. They also suggest that the refusal of the Superior Court of New Jersey to grant the requested relief was affirmed on appeal to a higher court.

The only evidence relevant to these contradictory assertions came to this court in the form of defendant's depositions. His testimony was vague and inconclusive. It left unanswered many critical questions. Without a copy of the docket entries incidental to the entry of judgment in New Jersey, therefore, we are unable to resolve the jurisdictional issues.

Accordingly, the judgment in Lehigh County will be stricken without prejudice.

## ORDER

Now, February 26, 1974, it is ordered that the judgment entered in this court to the above term and number be and the same is hereby stricken without prejudice to plaintiffs' right to seek enforcement of their New Jersey judgment by an action in assumpsit or by proceedings which comply with the requirements of the Uniform Enforcement of Foreign Judgments Act.