## Forehand v. Centennial Foods of Virginia, Inc.

*John A. Mihalik*, for plaintiff.
*Gailey C. Keller*, for defendants.

MYERS, *P.J.*, December 7, 1978—On September 13, 1978, a certified copy of a foreign judgment from the State of Virginia was filed in the Office of the Prothonotary of the Court of Common Pleas of Columbia County, Pa. Also filed on that date was an affidavit from a local attorney, which set forth the last known addresses of the judgment creditor and debtor, along with a statement that the judgment was valid, enforceable, and unsatisfied.

A notice of entry of judgment was promptly mailed to Richard A. and Elinor A. Benefield, who are petitioners herein. That notice named Jerry G. Forehand as plaintiff, and stated that a judgment had been entered against petitioners in the amount of $30,858.57.

Petitioners subsequently filed the instant petition to strike the foreign judgment, wherein they allege that the procedure followed by plaintiff did not comply with the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P.L. 1157, 12

P.S. §921 et seq. Specifically, petitioners contend that the judgment must be stricken, because the docket entries from the Virginia action were not attached to the copy of the judgment which was filed with the local prothonotary

A judgment entered in a foreign state may be transferred to and enforced in Pennsylvania in one of two ways. The traditional method of enforcement has been the commencement of an action in assumpsit, where the subject of the action is the foreign judgment, e.g., Romero v. Mattioli Construction Co., 193 Pa. Superior Ct. 90, 163 A. 2d 671 (1960).

The second method for enforcing a foreign judgment was established in 1965, when the Pennsylvania Legislature adopted the Uniform Enforcement of Foreign Judgments Act, 12 P.S. §921 et seq. This latter method was the one adopted by plaintiff in attempting to enforce its judgment against petitioners.

According to section 2 of the aforesaid Uniform Act, 12 P.S. §922, a foreign judgment may be enforced if the following are filed with the prothonotary: an authenticated copy of the judgment ". . . including the docket entries incidental thereto. . . ." This procedure is similar to that established by Pa.R.C.P. 3002 for the intercounty transfer of judgments in Pennsylvania. "Whether originating in another county or in another state, it is necessary that a copy of the judgment be accompanied by the docket entries incidental to its entry." Adler v. Krawitz, 2 D. & C. 3d 491, 493 (1974).

In the instant case, plaintiff filed only a copy of the judgment. No other records have been transferred to this court.

Without such docket entries, the attempted transfer of the Virginia judgment is defective. Be-

cause of this deficiency, the judgment entered in this county must be stricken: Adler v. Krawitz, supra; Stewart v. Savage, 58 Del. Co. 534 (1970).

If plaintiff had chosen to commence an assumpsit action rather than to proceed under the Uniform Act, it apparently would not have been necessary to attach the docket entries to the complaint. See 2A Anderson Pa. Civ. Prac. §1019.48. However, since plaintiff chose to utilize the Uniform Act, it is necessary that the procedure prescribed be followed, which the plaintiff failed to do.

## ORDER

And now, December 7, 1978, it is hereby ordered that the judgment entered to the above number be stricken, without prejudice to plaintiff's right to seek enforcement of said judgment either by an action in assumpsit or by proceedings which comply with the Uniform Enforcement of Foreign Judgments Act.